554 F.Supp. 720 (1982)
Charles H. LANDFRIED, Sr., James A. Rash, and William E. Jackson, Plaintiffs,
v.
TERMINAL RAILROAD ASSOCIATION OF ST. LOUIS, Defendant.
No. 82-1132C(3).
United States District Court, E.D. Missouri, E.D.
December 15, 1982.
*721 Douglas P. Dowd, St. Louis, Mo., Jon G. Carlson, Granite City, Ill., for plaintiffs.
Gundlach, Lee, Eggmann, Boyle, Roessler, Richard M. Roessler, Belleville, Ill., George P. Mueller, St. Louis, Mo., for defendant.

MEMORANDUM AND ORDER
FILIPPINE, District Judge.
This matter is before the Court on defendant's motion to dismiss plaintiffs' complaint for failure to exhaust administrative remedies and failure to state a claim. Both sides have filed memoranda in support of their respective positions.
According to plaintiffs' complaint, this action is brought pursuant to the Federal Employers' Liability Act, 45 U.S.C. § 51 et seq., the Railway Labor Act, 45 U.S.C. § 151 et seq., 42 U.S.C. § 1983, and "the Public Policy of the United States." Essentially, plaintiffs complain of wrongful discharge from employment with defendant and seek both injunctive and monetary relief.
Defendant argues that under the Railway Labor Act, 45 U.S.C. § 153 First (i), disputes between an employee and a railroad concerning the interpretation of a collective bargaining agreement are within the exclusive jurisdiction of the National Railroad Adjustment Board (NRAB). Accordingly, defendant argues, because plaintiffs have not exhausted their remedies before the NRAB, the Court lacks subject matter jurisdiction over this action.
Defendant's contention that the NRAB has exclusive jurisdiction over disputes concerning the collective bargaining agreement between employees and railroads is correct. Andrews v. Louisville & Nashville R.R. Co., 406 U.S. 320, 92 S.Ct. 1562, 32 L.Ed.2d 95 (1972); Raus v. Brotherhood Ry. Carmen, 663 F.2d 791 (8th Cir. 1981). However, only disputes that are considered "minor" need first be brought to the NRAB. Brotherhood of R.R. Trainmen v. *722 Chicago River & Indiana R.R. Co., 353 U.S. 30, 33, 77 S.Ct. 635, 636-37, 1 L.Ed.2d 622 (1957). "Minor disputes" are defined as "controversies over the meaning of an existing collective bargaining agreement in a particular fact situation, generally involving only one employee." "Major disputes" are those "which result when there is a disagreement in the bargaining process for a new contract." Id. at 33, 77 S.Ct. at 637.
In this action plaintiffs are complaining of wrongful discharge. In Andrews, supra, the Court held that complaints of a wrongful discharge are "minor disputes" under the Railway Labor Act. Andrews, 406 U.S. at 324, 92 S.Ct. at 1565. There, the Court set forth an exhaustive analysis of why such complaints must be addressed to the administrative process before judicial proceedings can be initiated. Id. Accordingly, the Court holds that plaintiffs here must first pursue their administrative remedies before they may proceed in court.
Plaintiffs' complaint is also brought under 42 U.S.C. § 1983. Notwithstanding its ruling on the issue of exhaustion, the Court feels compelled to address the question of plaintiffs' § 1983 claim. A prerequisite to success on a § 1983 claim is a showing that a defendant acted "under color of state law." Wallach v. Cannon, 357 F.2d 557 (8th Cir.1966). After careful review of plaintiffs' complaint, the Court is aware of no way in which plaintiffs' allegations could be taken as meeting this requirement. Accordingly, plaintiffs have failed to state a cause of action under 42 U.S.C. § 1983.
In accordance with the foregoing,
IT IS HEREBY ORDERED that defendant's motion to dismiss be and is GRANTED.
IT IS FURTHER ORDERED that plaintiffs' complaint be and is DISMISSED without prejudice.