Charles H. LANDFRIED, Sr., James A. Rash, and William E. Jackson, Appellants,

v.

TERMINAL RAILROAD ASSOCIATION OF ST. LOUIS, a Corporation, Appellee.

No. 83–1160.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 15, 1983.

Decided Nov. 22, 1983.

Certiorari Denied April 12, 1984. See 104 S.Ct. 1712.

Chapman & Carlson, Jon G. Carlson, Granite City, Ill., Dowd & Dowd, Douglas P. Dowd, St. Louis, Mo., for appellants.

Richard M. Roessler, Gundlach, Lee, Eggmann, Boyle & Roessler, Belleville, Ill., for appellee.

Before LAY, Chief Judge, HENLEY, Senior Circuit Judge, and BOWMAN, Circuit Judge.

BOWMAN, Circuit Judge.

The district court, 554 F.Supp. 720, granted defendant Terminal Railroad Association of St. Louis' motion to dismiss plaintiffs' Amended Complaint (the complaint) for failure to exhaust administrative remedies and failure to state a claim. Plaintiffs appeal from that decision. We affirm.

Plaintiffs are former employees of defendant. They allege that defendant discharged them in retaliation for their bringing actions against defendant under the Federal Employers' Liability Act, 45 U.S.C. §§ 51–60 (FELA). They contend that this kind of discharge is actionable as a matter of federal law and policy and that the federal courts have jurisdiction to adjudicate their claims. The sole question presented in this appeal is whether plaintiffs' claims are judicially cognizable in an action filed in a federal district court, or whether, as the district court held, such claims are within the exclusive jurisdiction of the National Railroad Adjustment Board (the Adjustment Board).

Two federal statutes are involved in this case. The FELA confers upon railroad employees a right to recover from their employers for injuries suffered as a result of any negligence, however slight, by the employer. *Rogers v. Missouri Pacific Railroad Co.,* 352 U.S. 500, 77 S.Ct. 443, 1 L.Ed.2d 493 (1957). Separate from the FELA is the Railway Labor Act, 45 U.S.C. §§ 151–188 (RLA), the purpose of which is to promote stability in labor-management relations in the national railroad industry. *Union Pacific Railroad Co. v. Sheehan,* 439 U.S. 89, 94, 99 S.Ct. 399, 402, 58 L.Ed.2d 354 (1978).

Among the provisions of the RLA for the resolution of disputes between railroads and their employees is 45 U.S.C. § 153 First (i), which provides as follows:

The disputes between an employee or group of employees and a carrier or carriers growing out of grievances or out of the interpretation or application of agreements concerning rates of pay, rules, or working conditions, including cases pending and unadjusted on June 21, 1934, shall be handled in the usual manner up to and including the chief operating officer of the carrier designated to handle such disputes; but, failing to reach an adjustment in this manner, the disputes may be referred by petition of the parties or by either party to the appropriate division of the Adjustment Board with a full statement of the facts and all supporting data bearing upon the disputes.

In construing this provision of the RLA, the Supreme Court has held that disputes between an employee and a railroad concerning the interpretation of the terms of a collective bargaining agreement are within the exclusive jurisdiction of the Adjustment Board. *Andrews v. Louisville and Nashville Railroad,* 406 U.S. 320, 92 S.Ct. 1562, 32 L.Ed.2d 95 (1972). *See Raus v. Brotherhood Railway Carmen of the United States and Canada,* 663 F.2d 791 (8th Cir.1981). The Adjustment Board has exclusive jurisdiction even where the employee complains of a wrongful discharge by the railroad. *Andrews, supra.*

The plaintiff in *Andrews* was a railroad employee who was unable to work for some time after he was involved in an automobile accident. When Andrews felt that he was able to resume work, the railroad refused to allow him to return. Andrews severed his connection with the railroad, treated its refusal to allow him to work as a wrongful discharge, and sought damages in a Georgia state court. After the railroad removed the case to federal court, both the district court and the court of appeals held that Andrews'

wrongful discharge claim was barred because he had failed to exhaust his administrative remedies under the RLA. The Supreme Court affirmed the dismissal of Andrews' suit, emphasizing that the only source of his right not to be discharged, and therefore to treat the alleged discharge as wrongful, was the collective bargaining agreement between the employer and the union. Reasoning that Andrews' claim, and the railroad's disallowance of it, stemmed from differing interpretations of the collective bargaining agreement, the Court held that such discharge grievances are subject to compulsory arbitration under the RLA.

*Andrews* is, of course, distinguishable from the present case inasmuch as Andrews was not discharged in retaliation for filing a FELA claim. The Supreme Court has not yet ruled on the applicability of *Andrews* to claims of the kind plaintiffs assert here, and the question is one of first impression in this circuit. We note, however, that the complaint includes allegations that in discharging plaintiffs the railroad failed to comply with the requirements of the collective bargaining agreement entered into between the railroad and plaintiffs' respective unions.[1] Defendant, on the other hand, contends that plaintiffs were discharged for having violated various safety and work rules, all arguably in a manner consistent with the agreements between defendant and the unions of which plaintiffs were members. Thus, it appears that resolution of plaintiffs' claims will depend at least in part on interpretation of the applicable collective bargaining agreements. Under *Andrews* such claims are subject to the RLA's provisions for the processing of grievances and the federal courts are barred from adjudicating them. *See Magnuson v. Burlington Northern, Inc.,* 576 F.2d 1367 (9th Cir.), *cert. denied,* 439 U.S. 930, 99 S.Ct. 318, 58 L.Ed.2d 323 (1978).

Our conclusion that plaintiffs are barred from litigating their claims in federal court is consistent with recent decisions in the

---

1. *See* Designated Record at 1–29. These allegations are found in paragraph 7 of each count of the complaint.

Seventh and Ninth Circuits, which appear to be the only other circuits that have ruled on the justiciability of retaliatory discharge claims of the kind here presented. *See Jackson v. Consolidated Rail Corp.,* 717 F.2d 1045 (7th Cir.1983); *Bay v. Western Pacific Railroad Co.,* 595 F.2d 514 (9th Cir.1979).

We might reach a different conclusion if, as in *Hendley v. Central of Georgia Railroad Co.,* 609 F.2d 1146 (5th Cir.1980), *cert. denied,* 449 U.S. 1093, 101 S.Ct. 890, 66 L.Ed.2d 822 (1981), plaintiffs could show that their discharge constitutes the violation of a specific federal statutory section. But we do not need to decide whether we would adopt the view taken by the Fifth Circuit in *Hendley,* for the fact is that Congress has not enacted a statute prohibiting an employer from discharging an employee in retaliation for filing a FELA action. Given the availability to plaintiffs of recourse to the arbitration procedure established under the RLA, there is little reason for a federal court to imply a right of action where Congress has not acted to create one. Although the language of 45 U.S.C. § 55 declares "void" any "device" utilized by a common carrier to exempt itself from FELA liability, that section does not provide a cause of action for an employee discharged in retaliation for filing a FELA action. *See Bay, supra.* In *Bay,* the court traced the legislative history of § 55 and concluded that Congress's purpose was to void contracts discharging the common carrier from liability for personal injuries suffered by its employees. "[Section 55] was not intended to afford a cause of action, separate from that for recovery of damages for injury under FELA, against an employer that engages in a device to exempt itself from FELA liability." *Id.* at 516 (footnote omitted).

Plaintiffs urge in support of their position the decision in *Smith v. Atlas Off-Shore Boat Service, Inc.,* 653 F.2d 1057 (5th Cir.1981). In *Smith,* the plaintiff alleged that he was discharged as a seaman in retaliation for filing a personal injury claim against his employer pursuant to the Jones Act, 46 U.S.C. § 688. The Fifth Circuit recognized Smith's action for retaliatory discharge as a "maritime tort." *Id.* at 1063. *Smith,* however, is clearly distinguishable from the present case in at least two significant ways. First, Smith was an at-will employee; absent recognition of the maritime tort, he would have had no forum in which to press his claim. Second, in *Smith* the preclusive effect of the RLA was not at issue.

Each of the plaintiffs is processing his grievance through the appropriate administrative procedures. Each has the opportunity to pursue these procedures further. Plaintiffs argue, however, that review of their claims by the Adjustment Board is a lengthy and cumbersome proceeding with delays of two years or more. That such delays exist, if in fact they do, is regrettable. But such matters are properly the subject of congressional concern. It would be unsound for this court to make the question whether plaintiffs can maintain this action in the federal courts depend upon our determination as to how effectively the Adjustment Board is performing its congressionally mandated task. *See Walker v. Southern Railway Co.,* 385 U.S. 196, 201, 87 S.Ct. 365, 368, 17 L.Ed.2d 294 (1966) (Harlan, J., dissenting).

The judgment of the district court is affirmed.