581 F.Supp. 1220 (1984)
J.D. SPENCER, Jr., Plaintiff,
v.
MISSOURI PACIFIC RAILROAD CO., Defendant.
No. 83-1366C(3).
United States District Court, E.D. Missouri, E.D.
March 8, 1984.
Jo B. Gardner, Monett, Mo., Marc P. Weinberg, St. Louis, Mo., for plaintiff.
Nin K. Wuestling, St. Louis, Mo., for defendant.

MEMORANDUM
HUNGATE, District Judge.
This matter is before the Court on defendant's motion for summary judgment. Having reviewed the record and plaintiff's deposition, plaintiff's complaint will be dismissed for lack of subject matter jurisdiction.
Plaintiff initiated this action in the Circuit Court of the City of St. Louis, charging defendant with intentional conspiracy to interfere with plaintiff's employment rights, and interference with those rights. Plaintiff characterized his action as a tort action based on Arkansas law, a characterization with which the Court does not agree. As noted by the Court in its August 23, 1983, order denying plaintiff's motion to remand, plaintiff's claims are rooted in a collective bargaining agreement and are subject to the Court's jurisdiction under *1221 the Railway Labor Act, 45 U.S.C. § 151, et seq. (hereafter Act).
Defendant seeks summary judgment based on its contention that plaintiff's claims are "minor" disputes under the Act, and that state law has been preempted by the Act's exclusive remedies. A minor dispute is one arising out of a controversy regarding the meaning of an existing collective bargaining agreement in a particular fact situation. Landfried v. Terminal Railroad Association of St. Louis, 554 F.Supp. 720, 722 (E.D.Mo.1982), aff'd, 721 F.2d 254 (8th Cir.1983). The Act provides for resolution of such disputes by the National Railroad Adjustment Board (hereafter NRAB). Section 153. It is undisputed that plaintiff's disputes have not been presented to the NRAB.
"The Adjustment Board was created as a tribunal consisting of workers and management to secure the prompt, orderly and final settlement of grievances that arise daily between employees and carriers regarding rates of pay, rules and working conditions." Union Pacific Railroad Company v. Sheehan, 439 U.S. 89, 94, 99 S.Ct. 399, 402, 58 L.Ed.2d 354 (1978) (citations omitted). The NRAB's jurisdiction is "presumably exclusive, [and] an aggrieved employee must ordinarily exhaust his remedies under the statutory grievance procedures before he may seek judicial review of his claim, and even then he is limited solely `to the judicial review of the Board's proceedings that the Act itself provides.'" Riddle v. Trans World Airlines, Inc., 512 F.Supp. 75 (W.D.Mo.1981), quoting Andrews v. Louisville & Nashville Railroad Co., 406 U.S. 320, 325, 92 S.Ct. 1562, 1565, 32 L.Ed.2d 95 (1972).
Plaintiff attempts to circumvent the Act's requirements by insisting that Arkansas law, rather than the Act, applies to his claims. His argument is without merit. In Andrews, supra, the Court overruled its prior decision in Moore v. Illinois Central Railroad Co., 312 U.S. 630, 61 S.Ct. 754, 85 L.Ed. 1089 (1941), that the Act's procedures for adjustment of minor disputes were optional and that a state could therefore accord a discharged railroad employee an alternative remedy under state contract law. Instead, the Court concluded in Andrews, the Act's administrative remedy is compulsory and the plaintiff's claim of wrongful discharge was subject to the Act's requirement of submission to the NRAB for adjustment: "The fact that petitioner characterizes his claim as one for `wrongful discharge' does not save it from the Act's mandatory provisions for the processing of grievances." Id. at 323-24. Plaintiff's reliance on Robinson v. Missouri Pacific Transportation Co., 85 F.Supp. 235 (W.D. Ark.1949) is misplaced, in that Robinson was decided prior to the Supreme Court's decision overruling Moore.
Moreover, the case for application of the Act's requirement to submit minor disputes to the NRAB for resolution is even more compelling here than in the Andrews case, where the discharged employee had expressed his intention to work elsewhere. In that case, the employer was being remitted to a decisionmaking process wherein he would be represented by a union no longer accountable to him by virtue of his membership. See Andrews, supra at 334 (Douglas, J., dissenting).
In this case, plaintiff has continued his employment with defendant and is a continuing union member; thus, his union must answer to him if his claim is lost. The fact that plaintiff claims conspiracy in addition to actual interference with his employment rights does not render his claim sufficiently different from normal disputes concerning interpretation of a collective bargaining agreement as to create an exception to the mandatory requirement that minor disputes be settled by the NRAB. Clearly, the source of the rights which plaintiff complains were invaded is the collective bargaining agreement to which defendant was bound.
Accordingly, defendant's motion for summary judgment will be granted and plaintiff's complaint will be dismissed for lack of subject matter jurisdiction.