Michael F. TELLO, individually, and as Local Chairman of Local 1882, United Transportation Union, Appellant,

v.

SOO LINE RAILROAD COMPANY, Allen W. Durtsche, Donald J. Hansen, Kenneth E. Murphy, and Harry A. Peterson, Appellees.

No. 84–5106.

United States Court of Appeals, Eighth Circuit.

Submitted May 17, 1985.

Decided Sept. 6, 1985.

Michael F. Tello, Anoka, Minn., pro se.

Reid Carron, Minneapolis, Minn., for appellees.

Before HEANEY, Circuit Judge, HENLEY, Senior Circuit Judge, and McMILLIAN, Circuit Judge.

HEANEY, Circuit Judge.

Michael F. Tello appeals from an order of the district court granting defendant-appellee Soo Line Railroad Company's motion to dismiss his complaint for lack of subject matter jurisdiction. We reverse and remand.

I. FACTS.

Plaintiff-appellant Tello is Local Chairman of United Transportation Union (UTU) Local 1882, which is party to a collective bargaining agreement with Soo Line. In 1980, Tello brought suit against Soo Line

under the Federal Employers' Liability Act, 45 U.S.C. §§ 51–60, (FELA) for on-the-job injuries and, in 1981, settled his suit for $90,000. As part of the settlement, he signed a release in which he agreed to "never attempt to return to duty of any kind and * * * never attempt to exercise any seniority rights I might have to return to duty or employment of any kind with the Soo Line[.]" Tello's counsel and counsel for Soo Line agreed, however, to delete from the release the words, "I hereby voluntarily surrender all such seniority rights." Tello and his then-counsel claim that this deletion was made to ensure that the release would not be construed as release of all seniority rights, but only of his right to return to active employment.

Soo Line thereafter removed Tello's name from its seniority roster, and informed him that "[s]ince you are no longer an employee of the Company and no longer on any seniority roster, it appears to be a serious question * * * whether you can act as a representative of UTU Lodge 1882." The UTU Constitution provides that to be eligible to hold office in the UTU, an individual must "hold seniority rights in a transportation service."

The Company subsequently refused to meet with Tello as Local Chairman of UTU Local 1882. After negotiations between the UTU and Soo Line, Soo Line agreed to meet with Tello in matters concerning application of the collective bargaining agreement, pending resolution of Tello's seniority status, but refused to allow him to represent employees at disciplinary investigations and, on one occasion, had the Minneapolis Police remove him from an investigative hearing. Section 117 of the Soo Line-UTU collective bargaining agreement provides that the subject of a disciplinary investigation may only be represented by "another employee of the Company."

After further negotiations, the UTU submitted to the National Railroad Adjustment Board (NRAB) the question of Tello's employment and seniority status with Soo Line.[1] Tello continued to act as Local Chairman of Local 1882 and ran for election as General Chairman of the UTU, but was defeated. He contends that his defeat was due in part to campaign literature directed at his seniority-and-employment-status dispute with Soo Line. After Soo Line continued to refuse to allow Tello to represent local union members at disciplinary investigations, he brought suit, first in state court (he later abandoned that action), then in federal court, seeking an injunction and damages on the theories that Soo Line had breached the FELA settlement agreement, intentionally inflicted emotional harm on him and violated the Railway Labor Act, 45 U.S.C. § 152 (Third), by interfering with the right of union members to choose their representatives.

Soo Line submitted a motion to dismiss[2] Tello's action for lack of subject matter jurisdiction and failure to exhaust administrative remedies. The district court granted the motion on the ground the NRAB had exclusive jurisdiction over the matter because it was a "minor"[3] dispute which involved, at least in part, interpretation of the applicable collective bargaining agreement, and because Tello had failed to make out a claim under the Railway Labor Act, 45 U.S.C. § 152 (Third). Tello appeals.

## II. DISCUSSION.

 The initial question is whether the district court or the NRAB has jurisdiction over Tello's claim that his FELA release

---

1. The NRAB has not issued a decision on this matter, although it has now been over three years since the case was submitted.

 We note that Soo Line argued before the NRAB that the NRAB lacks jurisdiction over Tello's case. This claim may, in part, be responsible for the NRAB's long delay in ruling on the case. The district court noted that Soo Line agreed to waive this defense. Nevertheless, Soo Line's argument before the NRAB sheds light on how this case does not neatly fall into the category of a "minor" labor dispute which must be resolved by the NRAB.

2. Because both parties submitted affidavits, the district court treated the motion as a motion for summary judgment.

3. *See Goclowski v. Penn Central Transportation Co.,* 571 F.2d 747, 754 n. 6 (3d Cir.1977).

preserved his seniority status so that he could continue as Local Chairman of UTU Local 1882 and his "employee" status so that he could continue to represent employees at investigative hearings. Resolution of this issue hinges primarily on an interpretation of Tello's FELA release and, to a lesser extent, on an interpretation of the collective bargaining agreement and the law of the shop. The federal district court has jurisdiction over the former, *Norfolk & Western R. Co. v. Liepelt*, 444 U.S. 490, 493 n. 5, 100 S.Ct. 755, 757 n. 5, 62 L.Ed.2d 689 (1980); *Dice v. Akron, C. & Y.R. Co.*, 342 U.S. 359, 361–62, 72 S.Ct. 312, 314–15, 96 L.Ed. 398 (1952), and the NRAB has jurisdiction over the latter, 45 U.S.C. § 153(i); *Andrews v. Louisville and Nashville Railroad*, 406 U.S. 320, 92 S.Ct. 1562, 32 L.Ed.2d 95 (1972). Neither party cites a case resolving the jurisdictional problems which arise in a case involving a mix of issues requiring interpretation of a FELA release and a collective bargaining agreement.

Tello cites to language from *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), that the NRAB did not have exclusive jurisdiction over plaintiffs' suit because "the contract between the Brotherhood and the Railroad will be, at most, incidentally involved in resolving this controversy[.]" 355 U.S. at 45, 78 S.Ct. at 101. Although this quote provides some support for Tello's claim, *Conley* is not on point because the primary holding of *Conley* is that the NRAB has no jurisdiction over claims "by employees against their bargaining agent to enforce their statutory right not to be unfairly discriminated against by it in bargaining." 355 U.S. at 44, 78 S.Ct. at 101.

Soo Line cites *Landfried v. Terminal R. Ass'n of St. Louis*, 721 F.2d 254, 255 (8th Cir.1983), *cert. denied*, —— U.S. ——, 104 S.Ct. 1712, 80 L.Ed.2d 185 (1984), which held that a railroad employee's claim of wrongful discharge in retaliation for filing a FELA claim was within the exclusive jurisdiction of the NRAB because "resolution of plaintiffs' claims will depend at least in part on interpretation of the appli-cable collective bargaining agreements." 721 F.2d at 255. Soo Line also cites *Chambers v. Burlington Northern, Inc.*, 692 F.2d 109 (10th Cir.1982), which held that the NRAB had exclusive jurisdiction over a railroad employee's claim that his union's recent collective bargaining agreement covering employee transfers as a result of a merger superseded an individual transfer agreement he had signed several months earlier. Although the "at least in part" language from *Landfried* provides some support for Soo Line's claim, neither that case nor *Chambers* is on point because, in each case, the right claimed by the employee was exclusively based upon an applicable collective bargaining agreement. In *Landfried*, we noted that "Congress has not enacted a statute prohibiting an employer from discharging an employee in retaliation for filing a FELA action," 721 F.2d at 256, and that Landfried's claim of wrongful discharge was thus dependent upon the applicable collective bargaining agreement. In *Chambers*, the Court noted that plaintiff's claim turned on whether the relevant collective bargaining agreements were applicable to his transfer, and that there was no other source for Chamber's alleged right. 692 F.2d at 111–12. Both *Landfried* and *Chambers* relied on the Supreme Court's decision in *Andrews*, 406 U.S. 320, 92 S.Ct. 1562, that the NRAB had exclusive jurisdiction over Andrews' wrongful discharge claim, because the only source of his right not to be discharged was the applicable collective bargaining agreement.

■ What we distill from these cases is that where the primary question is the interpretation of a FELA release and questions of interpretation of a railroad industry collective bargaining agreement are only incidental, the district court should exercise its jurisdiction without requiring exhaustion of remedies before the NRAB. Here, we have a single individual with a discrete claim, the resolution of which has been delayed before the NRAB for over three years and which primarily involves his FELA release and only incidentally in-

volves the applicable collective bargaining agreement. Moreover, analysis of Tello's two FELA-related claims reveals that only the district court can give Tello an adequate hearing and, if necessary, grant the relief requested.

Tello's first claim is that Soo Line removed him from its seniority roster in violation of the terms of his FELA release and contrary to the understanding reached by his attorney and the attorney for Soo Line. A fair resolution of this issue requires the oral testimony and cross-examination of the relevant parties. However, as Tello points out, the NRAB does not have the power to subpoena witnesses or any procedure for hearing oral testimony. *See Andrews*, 406 U.S. at 335–36, 92 S.Ct. at 1570–71 (Douglas, J. dissenting); 29 C.F.R. § 301 (1984). Additionally, the order of the Board is subject to only limited court review for lack of jurisdiction or fraud. 45 U.S.C. § 153(q). In these circumstances, we find that the district court should have exercised its jurisdiction to resolve the dispute over whether the FELA release preserved Tello's right to remain on the seniority roster.

Tello's second claim is that Soo Line wrongfully prevented him from representing employees at disciplinary investigations by insisting that, once he signed the FELA release, he was no longer an "employee" within the meaning of section 117 of the collective bargaining agreement.[4] At the time of the district court hearing, this issue was dependent upon an interpretation of the word "employee" within the meaning of section 117 and, thus, was an issue which generally would be for the NRAB to decide. The parties indicated at oral argument, however, that section 117 has now been amended so that the subject of a disciplinary investigation may be represented by either "another employee or an organization representative." Tello's request for injunctive relief is therefore now moot and the "employee" issue remains in the case only as one element of Tello's state law claim of intentional infliction of emotional harm. While this issue still depends in part on an interpretation of the term "employee" within the meaning of section 117, it primarily depends on an interpretation of his FELA release and, in part, on the seniority issue and the several additional elements which would be required to prove Tello's tort claim. This tort claim has not been submitted to the NRAB and could not be because the NRAB does not have jurisdiction to consider or order corresponding relief, if justified. Thus, it makes no sense to require Tello to exhaust his administrative remedies on the moot issue of injunctive relief over the "employee" issue.

In sum, we believe the district court must consider Tello's claims and that Tello need not exhaust his administrative remedies before the NRAB.

■ Tello's final claim[5] is that Soo Line's actions toward him are in violation of the protection allegedly afforded him and local union members under the Railway Labor Act, 45 U.S.C. § 152 (Third).[6] In part, Tel-

**4.** Tello's argument that Soo Line violated the Railway Labor Act, 45 U.S.C. § 152 (Third) by insisting that he be an "employee" is considered *infra*.

**5.** We reject Tello's claim that Soo Line's motion to dismiss failed to give him a reasonable opportunity to respond because he did not raise this issue before the district court and, thus, may not raise it on appeal. *Cato v. Collins*, 539 F.2d 656, 662 (8th Cir.1976).

**6.** 45 U.S.C. § 152 (Third) provides as follows:
Representatives, for the purpose of this chapter, shall be designated by the respective parties without interference, influence, or coercion by either party over the designation of representatives by the other; and neither party shall in any way interfere with, influence, or coerce the other in its choice of representatives. Representatives of employees for the purposes of this chapter need not be persons in the employ of the carrier, and no carrier shall, by interference, influence, or coercion seek in any manner to prevent the designation by its employees as their representative of those who or which are not employees of the carrier.

lo presented this claim as a means of establishing federal jurisdiction. *See Landfried,* 721 F.2d at 256. However, Tello's Railway Labor Act claim is also aimed at obtaining injunctive relief on the seniority roster issue. (And, as the case stood before the amendment of section 117 of the collective bargaining agreement, aimed at obtaining injunctive relief on the "employee" issue.)

We agree with Soo Line and the district court that Tello does not raise a cognizable claim under 45 U.S.C. § 152 (Third) because he failed to present adequate evidence that Soo Line's actions have been motivated by anti-union animus or that Soo Line's actions were an attempt to interfere with its employees' choice of their collective bargaining representative. Tello's claim boils down to an assertion that Soo Line has wrongly interpreted his FELA release to bar him, as an individual, from disciplinary investigations and to remove him from its seniority roster, thus jeopardizing his status as a union representative.

Reversed and remanded for further proceedings consistent with this opinion.