**Daniel E. MAYON, Plaintiff-Appellant,**

v.

**SOUTHERN PACIFIC TRANSPORTA-
TION COMPANY,
Defendant-Appellee.**

No. 85–2704.

United States Court of Appeals,
Fifth Circuit.

Dec. 17, 1986.

Russell L. Cook, Jr., Houston, Tex., for plaintiff-appellant.

Paula Heirtzler Dunham, John Rienstra, Jr., Beaumont, Tex., for defendant-appellee.

Before GEE, POLITZ and WILLIAMS, Circuit Judges.

JERRE S. WILLIAMS, Circuit Judge:

## I. Facts

Daniel Mayon, appellant, worked as a railroad engineer for the Southern Pacific Transportation Co. He hurt his back on the job on May 23, 1981, and he sued the Southern Pacific under the Federal Employers' Liability Act (FELA), 45 U.S.C. § 51 et seq, to recover for his personal injuries. Mayon won a jury verdict for $200,000 on September 2, 1983. After his injury, Mayon returned to work where he remained until October 7, 1983. On October 7, 1983, Southern Pacific paid the verdict and discharged Mayon, asserting that the disability resulting from his back injury impaired his job performance.

Mayon then filed a second suit against the Southern Pacific alleging that he was medically fit to continue working and that the railroad had retaliated against him for filing his FELA claim. He claimed that his discharge violated the FELA as well as Texas law involving the discharge of employees. He also sought damages for the tort of intentional infliction of emotional distress.

The district court dismissed Mayon's complaint, 632 F.Supp. 944 (L.Ed.Tex.1986), ruling that the Railway Labor Act (RLA), 45 U.S.C. § 151 et seq, provides Mayon's exclusive remedy for his allegedly wrongful discharge. Mayon filed a timely appeal. We agree that Mayon has no claim under state law or the FELA, and we affirm.

## II. The RLA

The dominant legal principle that controls this case is the exclusivity of the RLA and its application to appellant's claims. The RLA creates the National Railroad Adjustment Board and the exclusive mechanism for resolving "minor" disputes between railroads and their employees. See Andrews v. Louisville & Nashville Railroad Co., 406 U.S. 320, 92 S.Ct. 1562, 32 L.Ed.2d 95 (1972). Disputes under a collective bargaining agreement involving discharges are "minor" disputes that must be submitted to grievance procedures ending in arbitration under the RLA. Id; Minehart v. Louisville & Nashville Railroad Co., 731 F.2d 342 (6th Cir.1984); Jackson v. Consolidated Railroad Corp., 717 F.2d 1045 (7th Cir.1983), cert. denied, 465 U.S. 1007, 104 S.Ct. 1000, 79 L.Ed.2d 233 (1984) (RLA preempts claim for retaliatory discharge for filing an FELA claim); Choate v. Louisville & Nashville Railroad Co., 715 F.2d 369 (7th Cir.1983); Landfried v. Terminal Railroad Association of St. Louis, 721 F.2d 254 (8th Cir.1983), cert. denied, 466 U.S. 928, 104 S.Ct. 1712, 80 L.Ed.2d 185 (1984) (claim of retaliatory discharge for violating an FELA suit).

Mayon argues that his case falls within an exception to the *Andrews* rule, relying upon *Farmer v. United Brotherhood of Carpenters & Joiners of America,* 430 U.S. 290, 97 S.Ct. 1056, 51 L.Ed.2d 338 (1977) (plaintiff may sue his union under state law for harassment and intentional infliction of emotional distress). In *Farmer,* the Supreme Court reviewed the preemption doctrine it announced in *San Diego Building Trades Council v. Garmon,* 359 U.S. 236, 79 S.Ct. 773, 3 L.Ed.2d 775 (1959). Under the preemption doctrine, a state generally may not regulate conduct that falls plainly within the scope of federal labor regulation. Preemption, however, is not applied to state regulation that affects a federal scheme only peripherally or involves deeply held local concerns. In deciding whether to apply the preemption doctrine, the inquiry is to weigh "the state interests in regulating the conduct in question and the potential for interference with the federal regulatory scheme." *Farmer,* 430 U.S. at 297, 97 S.Ct. at 1062. Preemption applies when the state law poses a "realistic threat of interference with the federal regulatory scheme." *Id.* at 305, 97 S.Ct. at 1066.

We find that Mayon's claim does not fit the *Farmer* exception. First, we note that *Farmer* involved preemption by the National Labor Relations Act (NLRA), not by the RLA. In contrast to the NLRA, the RLA creates detailed procedures to resolve discharge disputes involving railroad workers. The NLRA has no comparable statutory discharge remedy. The existence of the statutory remedy vastly increases the likelihood that state-law remedies interfere with the federal regulation applicable to railroad workers. *See Jackson,* 717 F.2d 1045. Moreover, Mayon pursued arbitration under the RLA and won reinstatement and back pay.[1] Mayon now asks *us* to find that his discharge was "wrongful" and award additional damages. Appellant's own case demonstrates the "realistic threat of interference" with the RLA.[2]

### III. *Wrongful Discharge Under the FELA*

Even with the RLA remedy available and used, Mayon argues that he has an implied cause of action for wrongful discharge under the FELA, 45 U.S.C. §§ 51, 55, and 60. These sections, however, neither offer Mayon a private cause of action nor override the RLA.

Section 51 of the FELA establishes the liability of railroads to employees that they injure negligently; it provided the basis for Mayon's $200,000 recovery. It does not create a cause of action for wrongful discharge.

Section 55 provides that "any contract, rule, regulation, or device ... the purpose or intent of which [is] to enable any common carrier to exempt itself from any liability created by this chapter, shall to that extent be void...." *Bay v. Western Pacific Railroad Co.,* 595 F.2d 514 (9th Cir.1979) held that § 55 prevents a railroad from escaping liability for its employees' personal injuries but creates no private cause of action. The court held that "§ 55 was intended to bar a defense presented in a suit for damages for injuries under the FELA based upon an employee's relinquishment of rights under the FELA." *Bay,* 595 F.2d at 516. Moreover, § 55 forbids a railroad evading liability "created by this chapter," and the FELA does not prohibit wrongful discharge. *See Davidson v. Long Island Railroad Co.,* 617 F.Supp. 67 (S.D.N.Y. 1985).

Finally, § 60 voids any "contract, rule, regulation, or device ... the purpose, intent, or effect of which [is] to prevent employees ... from furnishing voluntary information [about] the facts incident to

---

1. The amount of the back pay award is on appeal to this Court.

2. We need not decide whether the RLA preempts *every* dispute between a railroad and an employee. But Mayon's claim, even if otherwise subject to Texas law, necessarily involves

the merits of his labor controversy and would require us to interpret and apply the collective bargaining agreement. Even if the railroad's position—that it discharged Mayon for medical reasons—lacks merit, the RLA governs Mayon's claim.

the injury ... of any employee." Section 60 forbids a railroad to retaliate against an employee who helps or testifies for a *co-worker* in the *co-worker's* FELA claim. *Hendley v. Central of Georgia Railroad Co.*, 609 F.2d 1146 (5th Cir.1980), *cert. denied*, 449 U.S. 1093, 101 S.Ct. 890, 66 L.Ed.2d 822 (1981); *Gonzalez v. Southern Pacific Transportation Co.*, 773 F.2d 637 (5th Cir.1985) ("Gonzalez II") (vacating *Gonzalez v. Southern Pacific Transporation Co.*, 755 F.2d 1179 (5th Cir.1985)). We explained in *Gonzalez II*, however, that

> [t]hose circuits that have addressed the issue of retaliatory discharge for filing FELA claims have held that no cause of action is to be found in the statute and that employees are limited in their recourse to arbitration. Although those cases may be equally repugnant to the policy behind § 60, they are inapposite, because they do not involve conduct expressly covered in the statute. This statute declares it illegal to discipline an employee for furnishing information but *does not mention anywhere the plight of employees discharged for filing FELA claims.*

773 F.2d at 644 (emphasis added) (footnote omitted). Thus, one who helps a co-worker file an FELA claim may have a cause of action under § 60 for retaliatory discharge. One who is discharged for filing his own FELA claim, however, does not. Only the remedies of the RLA are available.

### IV. *Wrongful Discharge Under Texas Law*

■ In Texas, employers generally may terminate at will employees who work for indefinite terms. *East Line & Red River Railroad Co. v. Scott*, 72 Tex. 70, 10 S.W.

99 (Tex.1888). The Texas statutes and court decisions have created certain narrow exceptions to this employment-at-will doctrine. *See Sabine Pilot Service, Inc. v. Hauck*, 687 S.W.2d 733 (Tex.1985). In *Sabine*, the court held that an employee discharged for refusing to do an illegal act had a valid wrongful discharge claim. The exceptions that have been recognized do not prohibit retaliating for filing an FELA claim. We affirm the district court's ruling that Texas has no public policy exception that prohibits Mayon's discharge even if it were found to be retaliatory.

### V. *Infliction of Emotional Distress*

Mayon seeks damages for emotional distress under state law as well as the FELA. His FELA claim has been adjudicated. We need not decide whether Texas law compensates for intentional infliction of emotional distress. We have held above that Mayon could seek relief in this case only through the FELA for the injury and the RLA for the discharge claim.[3]

### VI. *Conclusion*

■ Mayon has no claim for wrongful discharge under Texas' employment-at-will doctrine. Even if Mayon had such a claim or a claim for mental anguish under Texas law, the RLA would preempt it. The FELA provides no private cause of action for Mayon's alleged retaliatory discharge and the emotional distress that accompanied it. The RLA offers the exclusive remedy for Mayon's discharge. The decision of the district court is

AFFIRMED.

---

**3.** Texas traditionally has not recognized the tort of "intentional infliction of emotional distress." *See Harned v. E–Z Finance Co.*, 151 Tex. 641, 254 S.W.2d 81 (1953). Rather, Texas allows recovery for mental suffering that is linked to (1) physical injury, (2) "gross negligence," (3) "willful and wanton disregard," or (4) an intentional tort other than the intentional infliction of emotional distress. *Farmers and Merchants State Bank v. Ferguson*, 617 S.W.2d 918, 921 (Tex. 1981). In general, a mere wrongful discharge will not support an award for emotional distress.

The district court in Mayon's case did not decide and did not need to decide whether Southern Pacific acted with "gross negligence" or "wanton and willful disregard," even though Mayon alleged in his complaint that the railroad's conduct was "extreme and outrageous [and] malicious." We hold, for the reasons stated, that the RLA offers the exclusive remedy for a railroad worker's wrongful discharge, regardless of state laws that purport to limit or supplement workers' remedies.