**SYSTEM BOARD 46, TRANSPORTATION COMMUNICATIONS UNION (TCU), Plaintiff,**

v.

**BURLINGTON NORTHERN RAILROAD COMPANY, Defendant.**

Civ. No. 4-93-325.

United States District Court,
D. Minnesota,
Fourth Division.

Dec. 13, 1993.

---

Charles A. Collins, Collins & Ingebritson, P.A., Minneapolis, MN, for plaintiff.

Charles W. Shewmake, Labor Counsel, Burlington Northern Railroad Company, Fort Worth, TX, Thomas W. Spence, Alfonse J. Cocchiarella, Spence, Ricke & Thurmer, Saint Paul, MN, for defendant.

## ORDER

DOTY, District Judge.

This matter is before the court on defendant's motion for summary judgment. Based on a review of the file, record and proceedings herein, and for the reasons stated below, the court grants defendant's motion.[1]

## BACKGROUND

In 1992, the Federal Highway Administration ("FHWA") enacted regulations requiring that persons who operate commercial motor vehicles on public highways have a commercial driver's license ("CDL"). Burlington Northern Railroad Company ("Burlington Northern") operates the Allouez taconite loading facility in Superior, Wisconsin. Systems Board 46, Transportation Communica-

---

1. The court notes that plaintiff's response in this case was extremely untimely. Although the brief was accepted, the court admonishes counsel for ignoring the applicable deadlines.

tions Union ("TCU") is the labor organization which represents unionized employees at the Allouez facility.

Burlington Northern uses various types of heavy equipment or large trucks in its taconite loading operation. At least seven vehicles at the Allouez facility are "commercial motor vehicles" as defined by the FHWA. At any given time, all of these vehicles may be in service. The three primary job positions at the Allouez facility are "taconite operator," "boat loader maintainer" and "assistant boat loader maintainer." Each of these positions requires the occasional operation of commercial motor vehicles. There has never been a "truck operator" position at the Allouez facility. Some positions at the Allouez facility do not involve the operation of commercial motor vehicles.

The positions at the Allouez facility are awarded on a seniority basis pursuant to the terms of a collectively bargained agreement. Pursuant to the collective bargaining agreement, Burlington Northern announces the various positions by bulletin or job postings and employees bid on the positions and shifts that they desire to work. The collective bargaining agreement requires that the bulletins contain a description of the major assigned duties of the position. The job duties and requirements of the positions, however, are not expressly set forth in the collective bargaining agreement.

On January 28, 1993, Burlington Northern announced that all employees in the three primary positions must hold CDLs and be otherwise qualified in the operation of commercial motor vehicles.[2] The change was made to reflect the new federal requirements and to ensure that Burlington Northern's staffing needs would be met on all shifts. Burlington Northern revised the bulletins for the three positions to specify a CDL as a job requirement. The actual job duties associated with the positions, however, did not change.

TCU protested the CDL requirement and claimed that Burlington Northern could not impose a new job requirement without bargaining with TCU to reach an agreement. Burlington Northern responded that it had no duty to bargain and that it had managerial discretion to determine the job duties and requirements of positions at the Allouez facility. The parties conducted informal discussions that proved unfruitful. The CDL requirement was implemented on April 1, 1993. Three employees currently do not qualify for a CDL and TCU anticipates that more employees will be adversely impacted in the future by the across-the-board requirement.

TCU filed this action for declaratory relief seeking to compel Burlington Northern to bargain with TCU concerning the CDL requirement. Defendants move for summary judgment, contending that the court lacks jurisdiction because plaintiff's action involves a minor dispute within the exclusive jurisdiction of the National Railroad Adjustment Board ("NRAB").

## DISCUSSION

■ This action is governed by the Railway Labor Act (RLA), 44 Stat. 577, as amended, 45 U.S.C. § 151 *et seq.* Under the RLA, disputes between railroads and their employees are classified as either major or minor disputes. *See Consolidated Rail Corp. v. Railway Labor Executives' Ass'n,* 491 U.S. 299, 109 S.Ct. 2477, 105 L.Ed.2d 250 (1989) *(Conrail ).* Major disputes concern the creation of contractual rights, while minor disputes involve the enforcement of those rights. *Elgin J. & E. Ry. v. Burley,* 325 U.S. 711, 723–24, 65 S.Ct. 1282, 1290, 89 L.Ed. 1886 (1945). The decisive issue in this case is whether the controversy involves a major dispute or a minor one.

■ Burlington Northern carries a "relatively light burden" to establish exclusive arbitral jurisdiction under the RLA. *Conrail,* 491 U.S. at 307, 109 S.Ct. at 2482 (cita-

---

**2.** The regulations require that persons who operate commercial motor vehicles be qualified drivers and have a CDL. 49 CFR 383. Persons who operate commercial motor vehicles must be at least 21 years old, pass certain skills examinations, pass the Department of Transportation physical examination and have a current medical certificate. *See* 49 C.F.R. 391. The regulations also require that persons who operate commercial motor vehicles be tested for various controlled substances on a pre-employment, periodic, random and for cause basis. *Id.*

tions omitted). There is a presumption that disputes between employers and their unionized employees are minor. *International Ass'n of Machinists & Aerospace Workers, Dist. Lodge No. 19 v. Soo Line R.R.*, 850 F.2d 368, 377 (8th Cir.1988) (en banc) ("when in doubt, the courts construe disputes as minor") (quoting *Brotherhood of Locomotive Eng'rs v. Atchison, Topeka & Santa Fe Ry.*, 768 F.2d 914, 920 (7th Cir.1985)). The RLA provides compulsory arbitration procedures for minor disputes that arise "out of grievances or out of the interpretation or application of agreements concerning rates of pay, rules, or working conditions." 45 U.S.C. § 153 First (i). The NRAB has mandatory and exclusive jurisdiction over minor disputes and, other than very limited review, courts have no power over such controversies. *Conrail* 491 U.S. at 304, 109 S.Ct. at 2481.[3]

Burlington Northern contends that the collective bargaining agreement arguably justifies the unilateral inclusion of a CDL as a job requirement for the primary positions at the Allouez facility. "Where an employer asserts a contractual right to take the contested action, the ensuing dispute is minor if the action is arguably justified by the terms of the parties' collective bargaining agreement." *Conrail*, 491 U.S. at 307, 109 S.Ct. at 2482. Where, however, "the employer's claims are frivolous or obviously insubstantial, the dispute is major." *Id.* It is not the role of the court to decide the merits of the parties' dispute; rather the court is limited to determining where the "arguably justified" line is to be drawn. *Conrail*, 491 U.S. at 318–19, 109 S.Ct. at 2488. The distinction between major and minor disputes "does not turn on a case-by-case determination of the importance of the issue presented or the likelihood that it would prompt the exercise of economic self-help." *Conrail*, 491 U.S. at 305, 109 S.Ct. at 2481 (citation omitted).

This case turns on whether Burlington Northern's unilateral inclusion of a CDL requirement is arguably justified by the collective bargaining agreement. Burlington Northern does not rely on any express provision of the agreement. Instead, Burlington Northern argues that it has always retained managerial discretion and prerogative to determine job requirements at the Allouez facility. *See Brotherhood of Maintenance of Way Employee—Consolidated Rail Corporation*, No. MW–26358, NRAB Third Division Award No. 26295 (Meyers, 1987) (holding that carrier retains the right to set qualifications for a job). The collective bargaining agreement does not forbid Burlington Northern from altering either the requirements or the bulletins for positions at the Allouez facility. Burlington Northern also argues that what the agreement does not explicitly forbid, it is entitled to do as a matter of contract. *See Chicago & N.W. Ry. v. Railway Labor Executives' Ass'n*, 908 F.2d 144, 153 (7th Cir.1990), *cert. denied*, 498 U.S. 1120, 111 S.Ct. 1073, 112 L.Ed.2d 1179 (1991).

TCU counters that Burlington Northern's past practice belies its reliance on managerial discretion. TCU claims that twice in the past changes in job qualifications at the Allouez facility were implemented by discussion and informal agreement. While TCU's allegations concerning implied terms created by past practice may carry the day in arbitration, they do not persuade the court that Burlington Northern's contractual arguments are frivolous or insubstantial. In the end, the parties dispute whether the existing collective bargaining agreement controls the controversy. Thus, the dispute appears to be minor as its resolution "will depend at least in part on interpretation of the applicable collectively bargained agreement." *Landfried v. Terminal R.R. Ass'n of St. Louis*, 721 F.2d 254, 255 (8th Cir.1983), *cert. denied*, 466 U.S. 928, 104 S.Ct. 1712, 80 L.Ed.2d 185 (1984). The court concludes that Burlington Northern's contractual position is neither frivolous nor obviously insubstantial. Accordingly, the court holds that the controversy in the present case is properly deemed a minor dispute within the exclusive jurisdiction of the NRAB.

---

**3.** The parties may arbitrate minor disputes before either the NRAB or before an adjustment board established by the employer and the unions representing its employees. *Conrail*, 491 U.S. at 303–04, 109 S.Ct. at 2480–81. Major disputes require the parties to undergo a lengthy process of bargaining and mediation. 45 U.S.C. §§ 155 & 156.

## CONCLUSION

The court concludes that it has no subject matter jurisdiction over plaintiff's claims and grants defendant's motion for summary judgment. It is proper for the court to make clear that it decided only the narrow issue of whether Burlington Northern met the light burden of persuading the court that its conduct was arguably justified by the collective bargaining agreement. The court does not suggest which party is entitled to prevail before the Board on the merits of the dispute.

Accordingly, **IT IS HEREBY ORDERED** that defendant's motion for summary judgment is granted and the complaint is dismissed with prejudice for lack of subject matter jurisdiction.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**