**Robert A. FOSTER, Plaintiff,**

v.

**SOO LINE RAILROAD COMPANY, d/b/a CP Rail System, Defendant.**

**No. Civ. 98–1294/RHK/JMM.**

United States District Court, D. Minnesota.

May 24, 1999.

("Foster") in the course of his employment with Defendant Soo Line Railroad Company, d/b/a CP Rail System ("the Soo Line") and the investigatory proceedings and eventual job termination that followed. Foster filed suit in this Court, alleging, inter alia, that the Soo Line engaged in a retaliatory discharge against him in violation of § 60 of the Federal Employers Liability Act ("FELA"), 45 U.S.C. § 60. Currently before the Court is the Soo Line's Motion for Partial Summary Judgment on Foster's retaliatory discharge claim. For the reasons stated below, the Court will grant the Motion.

## Background[1]

Prior to his termination, Foster was employed by the Soo Line as a welder foreman. (*See* Am.Compl. ¶ 6.) On March 2, 1998, he injured his back in the course of his employment while carrying a welding wire feeder. (*See id.* ¶¶ 6–7.) After his injury, Foster submitted a personal injury report and statement to the Soo Line's claim agent. (*See id.* ¶¶ 13–14.)

On March 13, 1998, Foster was "removed from employment service" by the Soo Line for insubordination and refusing to provide information regarding the circumstances of his March 2, 1998 injury. (*See* Am.Compl. ¶ 16.) The Soo Line conducted an investigatory hearing on April 2, 1998, during which Foster was questioned about his alleged failure to provide information regarding his injury. (*See id.* ¶ 18.) After the investigatory hearing, the Soo Line suspended Foster for five days without pay. (*See id.*)

Foster filed the instant action on May 5, 1998, asserting a personal injury action under § 51 of FELA for the Soo Line's alleged negligence.[2] (*See* Am.Compl.

Stephen S. Eckman and Kimball C. Justesen, Eckman, Strandness & Egan, Wayzata, MN, for plaintiff.

Jeffrey A. Eyres, Leonard, Street and Deinard, Minneapolis, Minnesota, and Jeffrey R. Schmidt, Rider, Bennett, Egan & Arundel, Minneapolis, MN, for defendant.

## MEMORANDUM OPINION AND ORDER

KYLE, District Judge.

### Introduction

This case arises out of a physical injury suffered by Plaintiff Robert A. Foster

---

1. For the purposes of this Motion, the Soo Line has agreed to accept as true the factual allegations set forth in Foster's First Amended Complaint. (*See* Def.'s Mem. in Supp. of Mot.

for Partial Summ.J. at 2 ("Def.'s Supp. Mem.").)

2. Section 51 provides, in relevant part: "Every common carrier by railroad while engag-

¶ 19.) By letter dated May 5, 1998, the Soo Line notified Foster of its intent to conduct an investigatory hearing to determine whether he had falsified motel lodging and camper receipts and associated meal expenses on certain expense accounts from January 1995 through February 1998. (*See id.* ¶ 20.) The Soo Line conducted this investigatory hearing on May 27, 1998 and, on June 9, 1998, terminated Foster's employment. (*See id.* ¶¶ 22, 25.) On August 8, 1998, Foster amended his Complaint to add a claim for retaliation under § 60 of FELA. (*See id.*)

## Analysis

### I. Standard of Review

Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The court views evidence and the inferences which may be reasonably drawn from it in the light most favorable to the nonmoving party. *Enterprise Bank v. Magna Bank,* 92 F.3d 743, 747 (8th Cir.1996); *see also Adkison v. G.D. Searle & Co.,* 971 F.2d 132, 134 (8th Cir.1992). The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Enterprise Bank,* 92 F.3d at 747; *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The nonmoving party must demonstrate the existence of specific facts that create a genuine issue for trial; mere allegations or denials are not enough. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986); *Krenik v. County of Le Sueur,* 47 F.3d 953, 957 (8th Cir.1995). Summary judgment is to be granted only where the evidence is such that no reasonable jury could return a verdict for the nonmoving

party. *See Liberty Lobby,* 477 U.S. at 250, 106 S.Ct. at 2511.

The court does not weigh facts or evaluate the credibility of affidavits and other evidence on a motion for summary judgment. The nonmovant, however, cannot avoid summary judgment in favor of the movant merely by pointing to some alleged factual dispute between the parties. Instead, any fact alleged to be in dispute must be "outcome determinative under prevailing law," that is, it must be material to an essential element of the specific theory of recovery at issue. *See Get Away Club, Inc. v. Coleman,* 969 F.2d 664, 666 (8th Cir.1992). Essentially, the court performs the threshold inquiry of determining whether there is need for a trial. *Liberty Lobby,* 477 U.S. at 250, 106 S.Ct. at 2510.

### II. Merits

#### A. Retaliation under Section 60 of FELA

Foster alleges that the Soo Line violated § 60 of FELA by terminating him in retaliation for reporting his injury and for pursuing his FELA claim under 45 U.S.C. § 51. (*See* Am.Compl. ¶ 30.) The Soo Line argues that the Court should grant its Motion for Partial Summary Judgment on Foster's retaliation claim because § 60 of FELA does not provide a cause of action for employees who are retaliated against for reporting their own injuries or for filing a FELA claim. (*See* Def.'s Supp. Mem. at 5.)

"FELA, enacted in 1908, creates a federal statutory cause of action for employees of interstate carriers (railroads) against their employers for injuries incurred in the course of employment." *Nordgren v. Burlington N.R.R. Co.,* 101 F.3d 1246, 1248 (8th Cir.1996). To accomplish this end, "FELA preempts state-law personal injury claims by injured railroad

ing in [interstate or foreign commerce] ... shall be liable in damages to any person suffering injury, while he is employed by such carrier ... for such injury or death resulting in whole or in part from the negligence of any

of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment."

employees against their employers and creates a uniform federal law of liability in this field." *Id.* at 1250 (citing *New York Cent. R.R. v. Winfield*, 244 U.S. 147, 150, 37 S.Ct. 546, 547, 61 L.Ed. 1045 (1917)). "The Supreme Court has recognized FELA as a broad remedial statute and has construed FELA liberally in order to accomplish Congress's goals." *Id.* at 1249 (citations omitted).

■ To bring a discharge-related claim under FELA, a plaintiff must base his claim on a specific provision of FELA, and Congress must have intended that such claims be litigated in FELA actions. *See Lewy v. Southern P. Transp. Co.*, 799 F.2d 1281, 1292 (9th Cir.1986) (citations omitted). In the instant case, Foster has alleged a violation of § 60 of FELA. Section 60 provides, in relevant part:

> Any contract, rule, regulation, or device ... the purpose, intent, or effect of which [is] to prevent employees ... from furnishing voluntary information to a person in interest as to the facts incident to the injury or death of any employee, shall be void, and whoever ... attempt[s] to prevent any person from furnishing voluntarily such information to a person in interest, or whoever discharges or otherwise disciplines or attempts to discipline any employee for furnishing voluntarily such information to a person in interest shall, upon conviction thereof, be punished by a fine of not more than $1,000 or imprisoned for not more than one year, or by both such fine and imprisonment, for each offense.

45 U.S.C. § 60. Federal courts have interpreted § 60 to provide an employee equitable relief where an employer retaliates against him for helping or testifying for a co-worker in the co-worker's FELA claim. *See Hornsby v. St. Louis Southwestern Railway Co.*, 963 F.2d 1130, 1132–33 (8th Cir.1992).

■ Circuits courts have uniformly held, however, that § 60 does not create cause of action for retaliatory discharge where the employee is discharged for filing his own FELA claim or accident report. *See Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 258 (2d Cir.1995); *Bielicke v. Terminal R.R. Ass'n*, 30 F.3d 877, 878 (7th Cir. 1994) (finding that "section 60 applies only to non-FELA claimants, who help other employees file FELA claims"); *Mayon v. Southern Pac. Transp. Co.*, 805 F.2d 1250, 1253 (5th Cir.1986) (finding that although "one who helps a co-worker file a FELA claim may have a cause of action under § 60 for retaliatory discharge ... [o]ne who is discharged for filing his own FELA claim ... does not"); *Lewy*, 799 F.2d at 1293 ("[S]ection [60] applies only to railroad employees discharged or disciplined for furnishing information to others; it does not encompass employees who are discharged or disciplined because they themselves initiate FELA actions."). In *Shrader*, the Second Circuit noted that FELA's legislative history provides strong support for the view that a FELA claimant may not maintain a cause of action for retaliation under § 60. The *Shrader* court recounted that § 60 was "enacted to 'permit those who have information concerning the facts and circumstances of a personal injury to give statements to the injured employee or his dependents, or to someone authorized to represent him or them.'" *Shrader*, 70 F.3d at 258 (quoting S.Rep. No. 661, 76th Cong., 1st Sess. 5 (1939)). The enacting legislators' concern was that employers might be able to prevent employees from testifying on behalf of their co-workers when the precise circumstances of an accident were disputed. *Id.* (citing H.R.Rep. No. 1422, 76th Cong., 1st Sess. 2 (1939)). Accordingly, the *Shrader* court concluded, Congress "made retaliation in such instances a crime, while at the same time relying on the procedures established under the [Railway Labor Act] as the sole method of protecting an employee from discharge in retaliation for the filing of his or her own report." *Id.*

Although the Eighth Circuit has not squarely decided the precise issue presented here, it addressed the contours of retal-

iation claims under FELA in *Landfried v. Terminal Railroad Association*, 721 F.2d 254 (8th Cir.1983). In *Landfried*, several plaintiffs alleged that their employer had discharged them in retaliation for bringing actions under FELA. *Id.* at 254. The *Landfried* court held that the resolution of the plaintiffs' claims would depend upon interpretation of the applicable bargaining agreements and, therefore, the court was barred from adjudicating the claims. *Id.* at 255. The court added, however, that it might reach a different conclusion if the plaintiffs could show that their discharge constituted a violation of a specific statutory section, but noted that the plaintiffs could not do so because "Congress has not enacted a statute prohibiting an employer from discharging an employee in retaliation for filing a FELA action." *Id.* at 256. The *Landfried* court concluded that "given the availability to plaintiffs of recourse to the arbitration procedures established under the (Railway Labor Act), there is little reason for a federal court to imply a right of action where Congress has not acted to create one." *Id.* at 256. Consistent with this observation, the Eighth Circuit has refused to recognize a cause of action for an employee discharged in retaliation for filing a FELA action under § 55 of FELA.[3] *See id.*

Foster argues that this Court should decline to follow the rule adopted by every circuit court that has addressed this issue in light of *Adler v. I & M Rail Link*, 13 F.Supp.2d 912 (N.D.Iowa 1998), in which the court held that a FELA claimant can maintain a cause of action under § 60 for retaliation. *Id.* at 929–32. In reaching this conclusion, the *Adler* court first stated that it was bound by the Eighth Circuit's decision in *Hornsby*, which the *Adler* court found to have overruled *Landfried*, *sub silentio*. The *Adler* court also concluded that the "plain language" of § 60 "encompasses an employee reporting an accident

in which he or she was himself or herself the injured party . . . ." *Id.* at 930–31.

This Court views *Adler's* extension of *Hornsby* as unwarranted. In *Hornsby*, the Eighth Circuit held that § 60 provides equitable relief for employees who provide information about a co-employee's FELA claim. *Hornsby*, 963 F.2d at 1132–33. *Hornsby*, however, does not address whether a FELA claimant has a cause of action under § 60 for retaliation. Accordingly, *Hornsby* cannot be said to overrule, *sub silentio*, the *Landfried* court's determination that "Congress has not enacted a statute prohibiting an employer from discharging an employee in retaliation for filing a FELA action." *Landfried*, 721 F.2d at 256. *Hornsby* also cannot be said to depart from the uniform rule in other circuits that "section [60] applies only to railroad employees discharged or disciplined for furnishing information to others; it does not encompass employees who are discharged or disciplined because they themselves initiate FELA actions." *Lewy*, 799 F.2d at 1293.

The Court is also unpersuaded by *Adler's* holding regarding the "plain language" of § 60. To maintain a cause of action under FELA, the plaintiff's claim must be one that Congress intended to be litigated in FELA actions. *See Lewy*, 799 F.2d at 1292. As the *Shrader* court's discussion of FELA's legislative history makes clear, Congress did not intend for FELA claimants to litigate retaliation claims under § 60. With regard to the text itself, "[t]he courts of appeals that have considered the application of this provision have concluded that an employee filing his own FELA claim with his employer does not constitute the voluntary furnishing of information to a person in interest about an employee's injury, within the meaning of section [60] of the FELA." *Shrader*, 70 F.3d at 257–58. Furthermore, the *Adler* court's interpretation of the

---

**3.** Section 55 provides, in relevant part: "Any contract, rule, regulation, or device whatsoever, the purpose or intent of which shall be to

enable any common carrier to exempt itself from any liability created by this chapter, shall to that extent be void . . . ."

"plain language" of § 60 runs contrary to *Landfried's* admonition that no statute prohibits an employer from terminating an employee for filing a FELA claim. *Landfried,* 721 F.2d at 256.

In light of the uniform holdings of other circuit courts and the Eight Circuit's statements in *Landfried,* the Court holds that § 60 does not create a cause of action for retaliation against an employee for reporting his own injury or filing a FELA claim. Therefore, the Court will grant the Soo Line's Motion for Partial Summary Judgment as to that claim.

### B. Standing as to Co–Employees

 As part of his retaliation claim under § 60, Foster also alleges that the Soo Line retaliated against his co-employees with the goal of preventing them from providing information about his injury. (*See* Am.Compl. ¶¶ 11–12, 26–28, 30, 32–33.) The Soo Line seeks dismissal of this portion of Foster's Complaint on the ground that Foster lacks standing to bring a claim on behalf of his co-employees. (*See* Def.'s Supp.Mem. at 7.) Foster did not respond to this argument in his brief or at oral argument.

In *Ben Oehrleins and Sons and Daughter, Inc. v. Hennepin County,* 115 F.3d 1372 (8th Cir.1997), the Eighth Circuit recognized that "only in exceptional circumstances may a party have standing to assert the rights of another." *Id.* at 1379 (citing *Warth v. Seldin,* 422 U.S. 490, 499, 95 S.Ct. 2197, 2205, 45 L.Ed.2d 343 (1975)). The third-party standing rule thus "normally bars litigants from asserting the rights or legal interests of others in order to obtain relief from injury to themselves." *Warth,* 422 U.S. at 509, 95 S .Ct. at 2210. In the instant case, Foster has failed to identify any exceptional circumstance that would give him standing to sue on behalf of his co-employees, particularly in light of the fact that his co-employees may themselves bring suit under § 60 of FELA to obtain relief from the Soo Line's alleged retaliatory practices. Therefore, the

Court will grant the Soo Line's Motion to the extent that Foster seeks relief for his co-employees.

### Conclusion

Accordingly, for the foregoing reasons, and based upon all of the files, records, and proceedings herein, **IT IS ORDERED** that the Soo Line's Motion for Partial Summary Judgment (Doc.No.19) is **GRANTED** and Plaintiff's claim for retaliation under § 60 of FELA (Count II) is **DISMISSED WITH PREJUDICE.**