Susan Ann STEVENS, Individually and on behalf of all others similarly situated as Flight Attendants in the service of Braniff Airways, Incorporated, Plaintiff,

v.

BRANIFF AIRWAYS, INCORPORATED, Defendant.

Civ. No. 4–80–60.

United States District Court, D. Minnesota, Fourth Division.

May 14, 1980.

232

Marc G. Kurzman, Kurzman & Manahan, Minneapolis, Minn., for plaintiff.

Stanford Robins, Robins, Davis & Lyons, Minneapolis, Minn., John J. Gallagher & Richard N. Appel, Akin, Gump, Hauer & Feld, Washington, D. C., Thaddeus M. Sims, Braniff Airways, Inc., Dallas, Tex., for defendant.

DIANA E. MURPHY, District Judge.

This is a class action brought by plaintiff Susan Ann Stevens, on her own behalf and that of all flight attendants covered by an agreement between defendant Braniff Airways and the Association of Flight Attendants, effective April 1, 1979, seeking injunctive relief, back wages, damages, punitive damages, and attorney's fees. Plaintiff alleges that Braniff has violated the agreement and discriminated against the predominantly female class by repeated delays and shortages in salary payments, claiming breach of contract, violation of Title VII of the Civil Rights Act of 1964, and denial of equal protection under the Fourteenth Amendment. Jurisdiction is alleged on the basis of diversity, 28 U.S.C. § 1332(1), and by virtue of 42 U.S.C. § 2000e–5.[1] Defendant has moved to dismiss on the basis that the court does not have subject matter jurisdiction over the breach of contract claim and that the equal protection claim fails to state a claim upon which relief can be granted.[2]

1. No jurisdictional statute is alleged in connection with the equal protection claim; the complaint refers to state action, and plaintiff's memorandum suggests that this claim arises under 42 U.S.C. § 1983 and 28 U.S.C. § 1343(3) and (4).

2. Subsequent to the filing of defendant's motion to dismiss, plaintiff amended her complaint to dispose of two of the original grounds for the motion: (1) failure to name a plaintiff and (2) failure to allege the filing of a charge with the Equal Employment Opportunity Commission and receipt of a right to sue letter.

Defendant originally sought attorney's fees on its motion on the basis that the complaint was frivolous, but it did not pursue fees at the hearing; the amended complaint is clearly not frivolous.

Plaintiff alleges that defendant Braniff has repeatedly breached Section 28(D)(1) and (2) of its agreement with the flight attendants by not making adequate semi-monthly salary payments and by failing to issue supplemental payroll checks within three days of proof of arrearages. The sex discrimination claim under Title VII is based on the contention that Braniff treats predominantly male categories of employees, such as pilots and maintenance workers, differently in respect to accuracy of wage payments and timeliness of making up arrearages. Plaintiff also claims that this constitutes discrimination by classification without a rational basis in violation of the Fourteenth Amendment.

*Breach of Contract Claim*

Defendant argues that this court is without jurisdiction of the contract claim because it is a carrier subject to the Railway Labor Act, 45 U.S.C. § 151, *et seq.*, which Act requires that administrative remedies be exhausted before a contract dispute can be heard in court. *Andrews v. Louisville & Nashville Railroad Co.*, 406 U.S. 320, 92 S.Ct. 1562, 32 L.Ed.2d 95 (1972). Under the Act, disputes over interpretation or application of a collective bargaining agreement are to be submitted to a system board of adjustment. 45 U.S.C. § 184. *See Elgin, Joliet & Eastern Railway Co. v. Burley*, 325 U.S. 711, 65 S.Ct. 1282, 89 L.Ed. 1886 (1945); *International Association of Machinists & Aerospace Workers v. Northeast Airlines*, 473 F.2d 549 (1st Cir. 1972), *cert. denied*, 409 U.S. 845, 93 S.Ct. 48, 34 L.Ed.2d 85 (1972).

Plaintiff concedes that no grievance has been filed with the system board but argues that she and the class need not exhaust administrative remedies under the Act because of the Title VII claim.

██ This court is without jurisdiction of the breach of contract claim but has jurisdiction over the sex discrimination claim. The Title VII claim may be brought here without pursuing contractual or administrative remedies under the Act. *Norman v. Missouri Pacific Railroad*, 414 F.2d 73 (8th Cir. 1969). However, plaintiff may not assert a contractual right under the collective bargaining agreement without complying with the Railway Labor Act. *Bremer v. St. Louis Southwestern Railroad Co.*, 310 F.Supp. 1333, 1336 (E.D.Mo.1969).

*Equal Protection Claim*

██ Where a claim is presented under the Fourteenth Amendment, it is well established that plaintiff must show that state action is involved. *E. g., Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 95 S.Ct. 449, 42 L.Ed.2d 477 (1974); *Shelley v. Kraemer*, 334 U.S. 1, 68 S.Ct. 836, 92 L.Ed. 1161 (1948). Plaintiff's complaint alleges that regulation by the Federal Aviation Administration and contracts between defendant and governmental units constitute state action. Her memorandum mentions the existence of a lease contract between Braniff and the Metropolitan Airports Commission, contact of plaintiff and the class of flight attendants with the land subject to the lease, and the presumed existence of contracts and other financial ties between defendant and the government. Defendant argues that it is a private entity, that state action is not shown, and that even if it were, there is no showing of a nexus between the alleged state action and Braniff's payroll practices.

██ There is no "infallible test" that can be applied to determine if there is sufficient state involvement in acts of a private party so as to constitute state action; the circumstances of each case must be examined and weighed to make such determination. *Reitman v. Mulkey*, 387 U.S. 369, 379, 87 S.Ct. 1627, 1633, 18 L.Ed.2d 830 (1967). Merely showing some state involvement with the private party or receipt of government funds does not convert the recipient's acts into state action; there must be a sufficiently close nexus between the state and the acts in question or a joint participation in the challenged activity. *E. g., Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 95 S.Ct. 449, 42 L.Ed.2d 477 (1974); *Gilmore v. City of Montgomery*, 417 U.S. 556, 94 S.Ct. 2416, 41 L.Ed.2d 304 (1974); *Burton v. Wilmington Parking Authority*, 365 U.S. 715, 81 S.Ct. 856, 6 L.Ed.2d 45

(1961); *Junior Chamber of Commerce v. Missouri State Chamber of Commerce*, 508 F.2d 1031 (8th Cir. 1975).

■ Although it may be doubted that plaintiff can establish the requisite state action to prevail on the equal protection claim, it would be premature to dismiss the claim at this time. Notice pleading does not require the pleading of detailed facts upon which the claim is based, and a motion to dismiss for failure to state a claim should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). In a civil rights/sex discrimination action brought by reservation agents against another airline in which the airline leased public space but the agents worked elsewhere in a private facility, the court refused to grant defendant's motion for judgment on the pleadings because of the need to evaluate the facts related to the allegation of state action. *Masco v. United Airlines*, 13 FEP Cas. 1549 (W.D.Pa.1976).[3] Even though the element of state action is not well pleaded in the amended complaint,[4] it cannot now be said with certainty that there are no facts upon which state action can be established.

### ORDER

Accordingly, upon all the files, records and proceedings herein,

IT IS HEREBY ORDERED:

1. That defendant's motion to dismiss the breach of contract claim is granted.

2. That defendant's motion to dismiss the equal protection claim is denied.

---

[3] Some six months later the court found that there was no state action. *Masco v. United Airlines*, 13 FEP Cas. 1552 (W.D.Pa.1976).

[4] As noted in n. 1, *supra*, the jurisdictional basis of the equal protection claim is not alleged, although violation of the Fourteenth Amendment is. Involvement of the federal government (or a federal agency such as the Federal Aviation Administration) cannot be a basis for state action and jurisdiction under § 1983 and 28 U.S.C. § 1343(3). *Weise v. Syracuse University*, 522 F.2d 397 (2d Cir. 1975). "Federal action" might, however, in

certain circumstances, be a basis for an action based on deprivation of due process in violation of the Fifth Amendment. *Junior Chamber of Commerce v. Missouri Chamber of Commerce*, 508 F.2d 1031 (8th Cir. 1975).

In addition to alleging state action in a § 1983 claim, plaintiff should plead facts sufficient to show the nature of the alleged involvement with the state, as well as the alleged nexus between this involvement and the defendant's challenged acts or joint participation in the activity.