**Leonard L. MUNCY, Plaintiff,**

v.

**NORFOLK AND WESTERN RAILWAY COMPANY, Defendant.**

**Civ. A. No. 84–1176.**

United States District Court,
S.D. West Virginia.

Dec. 22, 1986.

---

Debra Archer, Katz, Kantor & Perkins, Bluefield, W.Va., for plaintiff.

Joseph Sanders, Sanders & Watson, Bluefield, W.Va., and T.T. Lawson, Wood, Rogers, Muse, Walker & Thornton, Roanoke, Va., for defendant.

## ORDER

HALLANAN, District Judge.

This matter is before the Court on Defendant's motion to dismiss. The Court has thoroughly reviewed all relevant pleadings, memoranda and arguments of counsel and is now prepared to rule thereon.

### I. *Factual Background*

Sometime in 1975, Plaintiff suffered an injury while working as a section foreman employed by the Defendant. Plaintiff filed suit in United States District Court under the Federal Employers' Liability Act (FELA) alleging he had suffered permanent impairment of his earning capacity as well as permanent physical pain, etc. A jury awarded Plaintiff the sum of $190,000 on his claim.

In October of 1982, Plaintiff sought to be reinstated with the Defendant, alleging he was no longer disabled. Defendant denied his request and the matter was arbitrated pursuant to the provisions of the Railway Labor Act, 45 U.S.C. § 151, *et seq.* On April 23, 1984, Public Law Board No. 3530 denied Plaintiff's claim.

On October 10, 1984, Plaintiff filed this suit against Defendant in the Circuit Court of Mercer County, West Virginia, alleging that Defendant's failure to reinstate Plaintiff constitutes discrimination on the basis of physical handicap in violation of the West Virginia Human Rights Act. W.Va. Code § 5–11–1, *et seq.*

On October 30, 1984, Defendant removed the case to this Court and moved to dismiss on the ground that this Court lacks subject matter jurisdiction.

### II. *Legal Analysis and Opinion*

In analyzing the merits of Defendant's motion, the Court must address two issues:

First, whether the West Virginia Human Rights Act is preempted by the Railway Labor Act and second, whether the Rehabilitation Act of 1973 preempts the West Virginia Human Rights Act. If the answer to either query is in the affirmative, then Defendant's motion must be granted.

### A. *Whether the West Virginia Human Rights Act is Preempted by the Railway Labor Act*

Defendant argues in his motion that the essence of Plaintiff's claim is that the Defendant "improperly failed to reinstate and employ him when he returned for duty on or about October 11, 1982." (Complaint, paragraph IIIA.) Defendant further argues that Plaintiff's claim is inextricably intertwined with his right to recall under the collective bargaining agreement. As such, Defendant alleges that the arbitration decision is final and binding pursuant to the Railway Labor Act, 45 U.S.C. § 151, *et seq. See, e.g., Andrews v. Louisville & Nashville R. Co.,* 406 U.S. 320, 92 S.Ct. 1562, 32 L.Ed.2d 95 (1972); *Elgin, Joliet & Eastern R. Co. v. Burley,* 325 U.S. 711, 65 S.Ct. 1282, 89 L.Ed. 1886 (1945); *Landfried v. Terminal Railroad Assoc.,* 721 F.2d 254 (8th Cir.1983); and *Magnuson v. Burlington Northern, Inc.,* 576 F.2d 1367 (9th Cir.1978), *cert. denied,* 439 U.S. 930, 99 S.Ct. 318, 58 L.Ed.2d 323 (1978).

Plaintiff, on the other hand, argues that the cause of action is not related to conduct regulated, prohibited or protected under the Railway Labor Act.

The law is clear that any dispute between an employee and the carrier which arises out of the collective bargaining agreement is governed exclusively by the Railway Labor Act. *See,* 45 U.S.C. § 153; *Brotherhood of Railroad Trainmen v. Chicago River & Indiana R.R.,* 353 U.S. 30, 77 S.Ct. 635, 1 L.Ed.2d 622 (1957); and *Elgin, Joliet & Eastern Railway Co. v. Burley, supra.* The narrow issue then that this Court must answer insofar as Defendant's motion to dismiss relates to the Railway Labor Act is whether this cause of action arises out of a dispute governed and/or controlled by the collective bargaining agreement.

While Defendant characterizes this action as Plaintiff's assertion of his right to recall, the action was brought under the West Virginia Human Rights Act. In order to prevail under this theory, the Plaintiff would have to prove the requisite elements of any claim under the West Virginia Human Rights Act. Any evidence that Defendant had breached the collective bargaining agreement is not relevant to the cause of action alleged under the within Complaint, unless it somehow tends to prove or disprove one of the requisite elements under the West Virginia Human Rights Act.

The United States Court of Appeals for the Eighth Circuit in *Norman v. Missouri Pacific Railroad,* 414 F.2d 73 (8th Cir. 1969), stated that:

The Railway Labor Act is not basically a fair employment practice act nor has it been utilized as such. Its basic purpose is to foster and promote collective bargaining between employees and employers with provision for continuity of services to the public while setting up a detailed and elaborate procedure for the resolution of major and minor disputes that occur in the operation of railroads.

*Id.* at 82–83.

Many courts who have spoken recently on similar claims have held that discriminatory employment claims are separate and apart from any rights created by the Railway Labor Act or the collective bargaining agreement. *See, e.g., Johnson v. American Airlines, Inc.,* 487 F.Supp. 1343 (N.D. Tex.1980); *Criswell v. Western Airlines,* 709 F.2d 544 (9th Cir.1983); *Stevens v. Braniff Airways, Inc.,* 490 F.Supp. 231 (D.Minn.1980). While no court has spoken specifically to the issue of handicap discrimination claims, this Court finds that the handicap discrimination is certainly analogous to age and/or race discrimination insofar as it relates to the issue of preemption by the Railway Labor Act.

Therefore, insofar as Defendant's motion to dismiss relates to the Railway Labor

Act, the Court finds same to be without merit.

B. *Whether the Rehabilitation Act of 1973 Preempts the West Virginia Human Rights Act*

Defendant contends in this ground for its motion to dismiss that § 503 of the Rehabilitation Act preempts Plaintiff's cause of action under the West Virginia Human Rights Act.

Section 503 of the Rehabilitation Act provides in pertinent part that:

Any contract in excess of $2,500 entered into by any Federal department or agency for the procurement of personal property and nonpersonal services (including construction) for the United States shall contain a provision requiring that in employing persons to carry out such contract the party contracting with the United States shall take affirmative action to employ and advance qualified handicapped individuals.

29 U.S.C. § 793(a). The administrative remedy for an alleged breach of the "affirmative action clause" is set forth at § 503(b) of the Rehabilitation Act and the regulations governing enforcement of said clause and implementation of said remedy are found at 41 C.F.R. § 60–741.25, *et seq.* Defendant bases his argument on the rationale set forth in *Howard v. Uniroyal, Inc.,* 719 F.2d 1552 (11th Cir.1983). The *Howard* court held that a state breach of contract cause of action to enforce § 503 was preempted by § 503 and that the remedy provided federally was the exclusive remedy to enforce § 503.

Defendant reads *Howard* as holding that state handicap discrimination statutes are preempted by § 503. Plaintiff argues that the *Howard* court only spoke to state breach of contract actions. A careful scrutiny of the *Howard* decision as well as other relevant case law leads this Court to the conclusion that the Plaintiff's interpretation is more correct. This Court must examine the factors set forth in *Silkwood v. Kerr-McGee Corp.,* 464 U.S. 238, 104 S.Ct. 615, 78 L.Ed.2d 443 (1984), to determine whether the West Virginia Human Rights Act can be preempted. Those factors are: First, whether there exists in the statute or regulations express language to pre-empt the state law, or an implied intention to pre-empt evidenced by: (a) the pervasiveness of the regulatory scheme so as to make reasonable the inference that Congress left no room to supplement it by the states; or (b) the federal Act touches upon a field which the federal interest is so dominant that the federal system will be assumed to preclude enforcement of state statutes on the issue, and second, whether even if Congress did not intend to occupy the entire field, state law is still preempted because it actually conflicts with the federal law. *Id.* 104 S.Ct. at 621.

■ A careful analysis dictates resolution of this issue against preemption. First, Congress has unequivocally intended in the field of employment discrimination to permit overlapping and parallel remedies to deter discrimination. *Alexander v. Gardner-Denver Company,* 415 U.S. 36, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974); *Dayton Christian Schools v. Ohio Civil Rights Commission,* 578 F.Supp. 1004 (S.D.Ohio 1984). This Court does not believe Congress intended a different result for handicapped individuals or for employees of agencies holding federal contracts.

Second, Defendant has not shown that an actual conflict exists between the West Virginia Human Rights Act and the Rehabilitation Act. In order to show a conflict, Defendant must show that "compliance with both the federal and state law is physically impossible" or that the state law is an obstacle to the purposes and objectives of Congress. *Florida Lime & Avocada Growers, Inc. v. Paul,* 373 U.S. 132, 83 S.Ct. 1210, 10 L.Ed.2d 248 (1963); *Hines v. Davidowitz,* 312 U.S. 52, 61 S.Ct. 399, 85 L.Ed. 581 (1941).

The Court notes that Defendant cites no support for his position that state handicap discrimination statutes are pre-empted by the Rehabilitation Act other than *Howard, supra.* The Court having distinguished *Howard* from the case at bar, therefore finds no legal support for Defendant's position.

### III. *Conclusion*

Accordingly, for all the reasons stated above, it hereby is ORDERED that Defendant's motion to dismiss for lack of subject matter jurisdiction be, and the same is, DENIED. The Court will enter a scheduling Order governing disposition of this matter FORTHWITH.