James I. STRONG and Earl R. Laird, on behalf of themselves and all others similarly situated, Plaintiffs,

v.

PENN CENTRAL RAILROAD COM- PANY, Defendant.

No. 68 Civ. 5204.

United States District Court
S. D. New York.

March 27, 1969.

O'Donnell & Schwartz, by Asher W. Schwartz, New York City, for plaintiffs.

Thomas J. Smith, by Jerome H. Shapiro, New York City, for defendant.

## MEMORANDUM OPINION

EDELSTEIN, District Judge.

This suit is brought as a class action [1] by the plaintiffs in which they allege that the defendant has passed a regulation the effect of which is to insulate it from the provisions of the Federal Employers' Liability Act, 45 U.S.C. § 51 et seq. The regulation in issue is one promulgated by defendants on or about February 1968, which provides that any employee who institutes a personal injury suit against the defendant shall by reason thereof be deprived of his railroad pass privileges. Plaintiffs allege that the said regulation effectively discourages, deters and prevents and is intended to discourage, deter and prevent the plaintiffs and other employees of the defendant similarly situated from exercising their lawful rights under the F. E. L. A. Moreover, plaintiffs allege, the regulation is in violation of Sections 55 and 58 of the F. E. L. A.

Defendant moves for judgment on the pleadings pursuant to Rule 12(c) Federal Rules of Civil Procedure.

---

1. Whether this is a proper Rule 23 class action is a question not now before this court, nor need this court consider this issue insofar as it should more properly be raised before the trial judge.

■ Defendant, Penn Central Railroad Company, alleges that plaintiffs' complaint is defective insofar as it fails to allege a present employment relationship or other relationship permitted by statute which relationship is necessary to obtain free transportation under the applicable statute, 49 U.S.C. §§ 1, 22.[2] Paragraph 6 of the complaint, however, alleges that "Plaintiff James I. Strong was employed as a boilermaker and welder by the Pennsylvania Railroad Company for approximately forty years and until on or about June 7, 1965, when he was disabled from employment on account of an accident which occurred in the course of his employment." That Plaintiff Strong is a person who has become disabled or infirm in the service of such common carrier (49 U.S.C. § 1) seems to be clearly alleged.

■ Defendant, Penn Central Railroad Company's other argument on this 12(c) motion is that the F. E. L. A. cannot be the basis for any civil action except an action for personal injury. That this is an issue which should be determined only after trial and legal argument is clear. Plaintiffs are alleging that the defendants have by violating Section 55 of the F. E. L. A.[3] severely limited the plaintiffs' rights in regard to seeking a F. E. L. A. recovery. What they are alleging is that the regulation of the Penn Central puts them to the choice of pursuing the F. E. L. A. relief or of retaining the use of their valuable pass privileges. The court has considered the cases cited by defendant and finds them unpersuasive on the issues at bar.

Plaintiffs should have their day in court. Defendant's motion is denied.

So ordered.

---

2. "[T]he term "employees" as used in this paragraph shall include * * * persons who have become disabled or infirm in the service of any such common carrier * * *" 49 U.S.C. § 1(7).

3. "Any contract, rule, regulation or device whatsoever the purpose or intent of which shall be to enable any common carrier to exempt itself from any liability created by this chapter, shall to that extent be void." 45 U.S.C. § 55.