James E. BIELICKE, Marvin M. Walz, Steven L. Helton and Joseph Smith, Plaintiffs–Appellants,

v.

TERMINAL RAILROAD ASSOCIATION, a Corporation, Defendant–Appellee.

No. 93–3688.

United States Court of Appeals, Seventh Circuit.

Argued April 12, 1994.

Decided July 26, 1994.

Mark P. Spengler (argued), Callis Law Firm, Granite City, IL, for plaintiffs-appellants.

Patricia L. Cohen, Allen D. Allred (argued) and Stephen D. Smith, Thompson & Mitchell, St. Louis, MO, for defendant-appellee.

Before WOOD, Jr., COFFEY, and KANNE, Circuit Judges.

HARLINGTON WOOD, Jr., Circuit Judge.

The four plaintiffs brought this suit pursuant to the Federal Employer's Liability Act (FELA) alleging that their employer, Terminal Railroad, conducted employee investigations, under the guise of company policy, for the purpose of deterring the plaintiffs from pursuing FELA suits in violation of 45 U.S.C. §§ 55, 60. The district court dismissed the suit for lack of subject matter jurisdiction, holding that the plaintiffs' claims related to their collective bargaining agreements and were thus preempted by the Railway Labor Act. This appeal followed.

I.

Each plaintiff was involved in an accident related to their employment with Terminal Railroad. They each filed accident reports and subsequently filed state court actions under the Federal Employer's Liability Act (FELA) seeking recovery for the injuries sustained during the accidents. Shortly thereafter Terminal Railroad began investigating the plaintiffs for various violations of company policies and labor rules. Pursuant to the investigation results each plaintiff was terminated from their respective employment. The plaintiffs now allege that the activities of Terminal Railroad violated the FELA because they had the effect of discouraging the plaintiffs from testifying in or pursuing their FELA actions.

The plaintiffs concede that Terminal Railroad has the authority and the right under the collective bargaining agreements to investigate accidents, accident reports, and potential violations of company policies. They argue that Terminal Railroad abused those powers granted in the collective bargaining agreement by conducting investigations for

illegitimate reasons (e.g., to deter FELA suits). The complaint makes this clear by alleging that the company "unfairly and vindictively investigated" the plaintiffs.

Based on this, we conclude that the basis for the plaintiffs' complaint relates directly and solely to the collective bargaining agreements. One cannot determine whether Terminal Railroad conducted the investigations for legitimate purposes under the collective bargaining agreements or if they abused the investigation procedures allowed by the collective bargaining agreements (e.g., by conducting impermissible investigations under the guise of policy) without focusing the case on the collective bargaining agreements themselves. As such, the proper vehicle for pursuing the claim is the Railway Labor Act (RLA). See Kulavic v. Chicago & Illinois Midland Ry., 1 F.3d 507, 512 (7th Cir.1993) (holding that the RLA sets forth the procedures for resolving disputes under the operative collective bargaining agreements). We have previously held that a claim against an employer who allegedly files unmeritorious disciplinary charges relates directly to the collective bargaining agreement and thus arises under the RLA, not the FELA. Hammond v. Terminal R.R. Ass'n of St. Louis, 848 F.2d 95, 97 (7th Cir.1988), cert. denied, 489 U.S. 1032, 109 S.Ct. 1170, 103 L.Ed.2d 229 (1989). We find that holding very instructive and apply it to the very similar situation in this case. Here the plaintiffs are alleging that Terminal Railroad conducted unmeritorious investigations and wrongfully discharged the plaintiffs. Much like the situation in Hammond, these claims are directly connected with the collective bargaining agreements and thus the claim arises under the RLA, not the FELA.

The plaintiffs are in fact currently reviewing the investigations and the investigation results under the proper methods required by the RLA. They would nonetheless have the district court consider and resolve the same issues, and force Terminal Railroad to litigate these issues twice. We will not endorse such a process.

The plaintiffs rely heavily on the Fifth Circuit's decision in Hendley v. Central of Georgia R. Co., 609 F.2d 1146 (5th Cir.1980), cert. denied, 449 U.S. 1093, 101 S.Ct. 890, 66 L.Ed.2d 822 (1981). In that case the employee assisted in a fellow employee's FELA action. The company charged the employee with disloyalty, conducted a disciplinary hearing, and terminated his employment. The employee filed a suit under the FELA. The court held that the employee stated a valid cause of action under section 60 of the FELA. Hendley, at 1153. This case does not affect our holding. The employee in Hendley was not an FELA claimant, he assisted another employee in bringing an FELA claim. Later cases in the Fifth Circuit have reaffirmed that section 60 applies only to non-FELA claimants, who help other employees file FELA claims. See, e.g., Mayon v. Southern Pac. Transp. Co., 805 F.2d 1250, 1253 (5th Cir.1986). The plaintiffs here have not alleged that they were disciplined for assisting other employees in filing FELA claims and the Fifth Circuit's holding is inapplicable.[1]

## II.

Any determination of whether Terminal Railroad abused the investigatory powers granted in the collective bargaining agreements for illegitimate purposes necessarily involves interpretation and consideration of

---

1. The other cases the plaintiffs cite are equally inapplicable. In Kozar v. Chesapeake & Ohio Ry., 320 F.Supp. 335 (W.D.Mich.1970), the plaintiff was an employee's widow who alleged that the railroad attempted to have her sign a document releasing the railroad from liability. The court found that this violated section 55 of the FELA. Here the plaintiffs do not allege that Terminal Railroad attempted any such device to exempt itself from liability. In fact the railroad is currently defending the FELA claims and potentially subject to liability. Stack v. Chicago, Milwaukee, St. Paul & Pac. R.R., 94 Wash.2d 155, 615 P.2d 457 (1980), also relied on by the plaintiffs, addressed the issue of whether an employer who files a counterclaim against an employee for damages caused in an employee's accident violates the FELA. The instant case raises no such issue. Finally, Strong v. Penn Cent. R.R., 297 F.Supp. 595 (S.D.N.Y.1969), involved an employer who denied pass privileges to employees who filed FELA claims. Strong did not even pretend to address employers conducting disciplinary investigations under the guise of policies established in a collective bargaining agreement and thus is wholly inapplicable.

those agreements. Consequently the plaintiffs' claims arise under the Railway Labor Act rather than the Federal Employer's Liability Act. The decision of the district court dismissing the case for lack of subject matter jurisdiction is therefore

AFFIRMED.