**PRATT, BRADFORD & TOBIN, P.C., Plaintiff,**

v.

**TERMINAL RAILROAD ASSOCIATION OF ST. LOUIS, Defendant.**

No. 94–CV–520–WDS.

United States District Court, S.D. Illinois.

Oct. 26, 1994.

Glenn E. Bradford, Mary E. Massa, Pratt, Bradford & Tobin, P.C., East Alton, IL, for plaintiff.

James G. Nowogrocki, Peter J. Krane, Armstrong, Teasdale, Schlafly & Davis, St. Louis, MO, for defendant.

### MEMORANDUM AND ORDER

STIEHL, District Judge:

Before the Court is plaintiff's motion to remand. Plaintiff is a law firm which represents defendant's employee Dennis Clark in a Federal Employers' Liability Act (FELA), 45 U.S.C. §§ 51–60, action against defendant for injuries suffered on May 9, 1994. After reporting his injury, Clark received physical therapy and medical treatment arranged by defendant. On May 16, 1994, defendant notified Clark of a hearing scheduled to discover the cause and determine responsibility for the May 9 accident. This hearing was postponed, and has not yet been held. On May 20, 1994, defendant instructed Clark to attend certain medical appointments scheduled for June 3, 1994. Clark did not keep these medical appointments, and on June 6, 1994, defendant sent him a charging letter advising him of a hearing to investigate his failure to attend the scheduled medical appointments.

Clark is a member of the United Transportation Union (UTU), a labor union which maintains a collective bargaining agreement with defendant. Article 31, paragraph c of the agreement delineates certain procedures surrounding investigatory or disciplinary hearings, and specifies that "[r]epresentation at the investigation will be limited to the General Chairman and the Local Chairman of the [UTU] ... or a member of the Local committee designated by the Local Chairman." (Doc. # 15, Ex. 2). Clearly, this agreement does not allow privately-retained attorneys to be present at such hearings.

On July 11, 1994, plaintiff filed this action in the Circuit Court for the Third Judicial Circuit, Madison County, Illinois, requesting injunctive relief to restrain defendant from

holding a formal investigation hearing, or questioning Clark about any matter directly or indirectly related to his injury. The complaint alleges claims under § 10 of the FELA, 45 U.S.C. § 60, and an Illinois state law claim of tortious interference with contract. Plaintiff avers that permitting defendant·to question Clark outside his attorneys' presence would result in a breach of plaintiff's duty of representation to Clark. Defendant contends that plaintiff's artfully-pleaded complaint seeks to prevent defendant from conducting an investigation hearing as provided in the terms of the collective bargaining agreement. Defendant concludes that this case is a dispute over the terms of a collective bargaining agreement, a claim necessarily preempted by the Railway Labor Act (RLA), 45 U.S.C. § 151 *et seq.*, thus conferring federal question jurisdiction upon the Court.

■ The RLA only preempts disputes which arise out of the interpretation of a collective bargaining agreement. *See Atchison, Topeka and Santa Fe Ry. Co. v. Buell,* 480 U.S. 557, 562–63, 107 S.Ct. 1410, 1414, 94 L.Ed.2d 563 (1987). Plaintiff contends that nonremovable FELA and tortious interference with contract claims were properly presented to the state court under the well-pleaded complaint rule. *Gully v. First Nat'l Bank,* 299 U.S. 109, 112–13, 57 S.Ct. 96, 97–98, 81 L.Ed. 70 (1936). Defendant asserts that because the hearing is governed by terms of the agreement, the RLA must preempt, thus conferring federal question jurisdiction. The parties have devoted a great majority of their briefing efforts to the issue of whether plaintiff can state a claim for relief under § 60. Plaintiff repeatedly argues that § 60 was designed ·to prevent any direct or indirect chill on the availability of information to any party in interest to a FELA claim. However, the Seventh Circuit recently noted that "section 60 applies only to non-FELA claimants, who help other employees file FELA claims." *Bielicke v. Terminal Railroad Ass'n,* 30 F.3d 877, 878 (7th Cir.1994). While the Seventh Circuit's language does not apply directly to plaintiff, it casts serious doubt on the validity of plaintiff's § 60 claim.

■ The more pertinent claim before the Court is plaintiff's state law tortious interference with contract claim. To demonstrate a tortious interference with contract, plaintiff must demonstrate: (1) the existence of a contract between it and Clark; (2) defendant's awareness of the contract; (3) defendant's intentional inducement of a breach of the contract; (4) subsequent breach of the contract; (5) that the interference was unjustified; and (6) damages. *HPI Health Care Services v. Mt. Vernon Hosp.,* 131 Ill.2d 145, 137 Ill.Dec. 19, 23–24, 545 N.E.2d 672, 676–77 (1989). Upon plaintiff's motion to remand, the Court must consider only whether the RLA preempts this state law claim; the merits of the tortious interference claim are irrelevant to this inquiry.

■ Whether the RLA·preempts a cause of action created by state law is a question of congressional intent. *Allis–Chalmers Corp. v. Lueck,* 471 U.S. 202, 208, 105 S.Ct. 1904, 1909–10, 85 L.Ed.2d 206 (1985). The Supreme Court recently defined the analysis governing RLA preemption in *Hawaiian Airlines, Inc. v. Norris,* —— U.S. ——, 114 S.Ct. 2239, 129 L.Ed.2d 203 (1994). The *Hawaiian Airlines* Court repeatedly stated that "a state-law cause of action is not preempted by the RLA if it involves rights and obligations that exist independent of the collective-bargaining agreement." *Id.* at ——, 114 S.Ct. at 2247. *See also Westbrook v. Sky Chefs, Inc.,* 35 F.3d 316 (7th Cir.1994) (applying *Hawaiian Airlines* standard). In *Hawaiian Airlines,* the Court ruled that the plaintiff's cause of action of retaliatory discharge for whistleblowing emanated from state law, not the collective bargaining agreement, and therefore was not preempted by the RLA. —— U.S. at —— – ——, 114 S.Ct. at 2246–47. In the instant case, plaintiff's tortious interference with contract claim seeks to vindicate a substantive right derived from state tort law, not from the collective bargaining agreement. Because state law is the "only source" of the right asserted by plaintiff, the tortious interference claim exists independent of the collective bargaining agreement, and the RLA does not preempt plaintiff's claim. *See id.* at ——, 114 S.Ct. at 2246.

The *Hawaiian Airlines* opinion also recognized the consistency between various cases which define the scope of preemption under different federal labor laws, and eventually adopted the framework enumerated in *Lingle v. Norge Division of Magic Chef, Inc.*, 486 U.S. 399, 108 S.Ct. 1877, 100 L.Ed.2d 410 (1988) to resolve claims of RLA preemption. The *Hawaiian Airlines* Court summarized *Lingle* as ruling that federal labor law "preempts state law only if a state law claim is dependent on the interpretation of a collective bargaining agreement...." —— U.S. at ——, 114 S.Ct. at 2249. Neither party disputes that the collective bargaining agreement prohibits representation by attorneys at the proposed hearings. The thrust of plaintiff's claim is that this prohibition, although stated in a collective bargaining agreement which binds Clark and defendant, is an unjustified interference with its contract with Clark. Thus, plaintiff's claim does not require any interpretation of the collective bargaining agreement, as the parties agree upon the terms of the agreement.

Article 31 of the collective bargaining agreement may well provide a valid defense to plaintiff's claim by establishing that defendant's prohibition on attorneys at hearings is justified. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987) (collective bargaining agreement can provide a defense to a state law claim). Defendant more or less argues that the RLA must preempt because terms of the agreement justify the prohibition on attorneys, but the *Hawaiian Airlines* Court dismissed a similar argument, noting that it did not address the threshold question of RLA preemption. —— U.S. at ——, 114 S.Ct. at 2250–51. In another recent labor law preemption case, the Supreme Court implied that an agreement can serve as a defense, stating, "when the meaning of contract terms is not the subject of dispute, the bare fact that a collective-bargaining agreement will be consulted in the course of the state-law litigation plainly does not require the claim to be extinguished." *Livadas v. Bradshaw*, —— U.S. ——, ——, 114 S.Ct. 2068, 2078, 129 L.Ed.2d 93 (1994). However, this Court cannot determine the merits of this defense without subject matter jurisdiction. Because plaintiff's claim seeks to vindicate a substantive right derived from state tort law, and interpretation of the collective bargaining agreement is not required, the RLA does not preempt plaintiff's claim, and the Court lacks subject matter jurisdiction.

Defendant contends that the recent holding in *Bielicke*, 30 F.2d at 878, mandates a finding of RLA preemption. In *Bielicke*, the plaintiffs asserted that Terminal Railroad abused the collective bargaining agreement provisions for investigations because the investigations were conducted for illegitimate reasons, including the deterrence of FELA suits. *Id.* at 877–78. The RLA preempted such claims because determining whether Terminal abused the procedures authorized by the agreement necessitated focusing on the agreement. *Id.* at 878. This case is distinguishable, as plaintiff seeks to determine whether the prohibition on attorneys is so unjustified as to offend the public policy embodied in the tort of tortious interference with contract. The parties also debate the effect of the Court's prior decisions in numerous factually similar cases. The Court has addressed three similar cases within the past year, and this Order comports with previous decisions, in particular the decision in *Pratt, Bradford & Tobin v. Norfolk and Western Ry. Co.*, No. 93–CV–801–WDS (March 29, 1994 Order).

Accordingly, the Court GRANTS plaintiff's motion to remand, and this cause is **REMANDED** to the Circuit Court for the Third Judicial Circuit, Madison County, Illinois, pursuant to 28 U.S.C. § 1447(c).

**IT IS SO ORDERED.**