981 F.Supp. 1271 (1997)
Robert BONCOURI, Plaintiff,
v.
UNION PACIFIC RAILROAD COMPANY, Defendant.
No. 4:97CV1436 TCM.
United States District Court, E.D. Missouri, Eastern Division.
October 10, 1997.
David L. Blunt, Blunt and Associates, Edwardsville, IL, for Plaintiff.
Dan H. Ball, Thompson Coburn, St. Louis, MO, for Defendant.

MEMORANDUM AND ORDER
MUMMERT, United States Magistrate Judge.
This matter is before the Court[1] on the motion of Robert Boncouri ("Plaintiff") to remand his case to the state court from which it was removed [Doc. 10] and on his motion for a protective order [Doc. 0, 7-8-97]. Union Pacific Railroad Company ("Defendant") opposes both motions.

*1272 Background

Plaintiff initiated this action by filing a one-count complaint in the Circuit Court for the City of St. Louis seeking redress under the Federal Employers' Liability Act ("FELA"), 45 U.S.C. §§ 51-60, for injuries he sustained while working for Defendant. Plaintiff alleged that he was injured when a chain saw he was using to cut a tree struck his right leg and that the injury was caused by Defendant's negligent failure to provide him with: (i) a safe workplace; (ii) a safe machine to complete the task; and (iii) a safe method for cutting trees. Contemporaneously with his complaint, Plaintiff filed a motion for protective order, seeking an order prohibiting Defendant from internally investigating his accident and from initiating or conducting any disciplinary proceedings against him as a result of the accident. Plaintiff argued that Defendant is attempting to (i) use its work rules to obtain information relevant to the lawsuit without being impeded by discovery rules or by opposing counsel, and (ii) limit its exposure to liability in the court action by possibly discharging Plaintiff and thereby eliminating his future wages as a component of damages.
Arguing that the Railway Labor Act ("RLA"), 45 U.S.C. §§ 151-188, is the exclusive remedy for the relief sought by Plaintiff in his motion for a protective order, Defendant removed the case to the federal district court. Defendant also filed a memorandum opposing the motion, specifically arguing that the dispute outlined in the motion is a "minor dispute" under the RLA and alleging that the investigation of Plaintiff and two of his co-workers began four days after the accident and was initiated in compliance with a collective bargaining agreement between Defendant and Plaintiff's union.
Plaintiff moves to remand, arguing, inter alia, that the motion for a protective order is irrelevant to the determining question of whether his complaint is removable on its face.

Discussion
Motion for Protective Order. The RLA was enacted to "promote stability and labor-management relations by providing a comprehensive framework for resolving labor disputes." Hawaiian Airlines, Inc. v. Norris, 512 U.S. 246, 252, 114 S.Ct. 2239, 2243, 129 L.Ed.2d 203 (1994) (citing Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 208, 105 S.Ct. 1904, 1909-10, 85 L.Ed.2d 206 (1985)). Labor disputes about rates of pay, rules, or working conditions are deemed "major" disputes. See Id. at 252-54, 114 S.Ct. at 2244. Disputes arising from grievances or from the interpretation or application of agreements on rates of pay, rules, or working conditions are deemed "minor" disputes. See Id. In other words, "minor disputes" are "those that are grounded in the collective-bargaining agreement." Id. at 256, 114 S.Ct. at 2245.
There is a rebuttable presumption that disputes between a railroad and its union employees are minor and, therefore, arbitrable under the RLA. See Schiltz v. Burlington Northern R.R., 115 F.3d 1407, 1414 (8th Cir.1997). Thus, if there is a doubt about the appropriate classification of a dispute, the dispute is to be construed as minor. See Id. (citing International Ass'n of Machinists and Aerospace Workers, Dist. Lodge No. 19 v. Soo Line R.R., 850 F.2d 368, 377 (8th Cir.1988) (en banc)).
A similar claim to that made by Plaintiff in his motion was made by railroad employees who filed suit against their railroad-employer alleging that the railroad was conducting investigations for the purpose of deterring employees' FELA suits. The Seventh Circuit Court of Appeals construed the claim as one relating to the collective bargaining agreement and, consequently, as one falling within the ambit of the RLA. See Bielicke v. Terminal R.R. Ass'n, 30 F.3d 877, 878 (7th Cir.1994). "One cannot determine whether [the railroad] conducted the investigations for legitimate purposes under the collective bargaining agreements or if they abused the investigation procedures allowed by the collective bargaining agreements (e.g., by conducting impermissible investigations under the guise of policy) without focusing the case on the collective bargaining agreements themselves. As such, the proper vehicle for pursuing the claim is the [RLA]." Id. See also Calvert v. Trans World Airlines, Inc., 959 F.2d 698, 700 (8th Cir.1992) (holding that plaintiff's tort claim against his employer-airline *1273 premised on allegations that employer was submitting him to medical testing for improper reasons arose out of the collective bargaining agreement and, therefore, the action was prohibited by the RLA).
The dispute that is the subject of Plaintiff's motion for a protective order is clearly a "minor dispute." Minor disputes may only be resolved through the RLA mechanism. See Id. at 252-54, 114 S.Ct. at 2244. Accordingly, the proper procedures for Plaintiff to pursue the claims in his motion are those forth in the RLA. His motion for protective order will be denied with prejudice.
Motion to Remand. "In 1906, Congress enacted the FELA to provide a federal remedy for railroad workers who suffer personal injuries as a result of the negligence of their employers or their fellow employees." Atchison, Topeka & Santa Fe Ry. Co. v. Buell, 480 U.S. 557, 561, 107 S.Ct. 1410, 1413, 94 L.Ed.2d 563 (1987). "As far as a worker's right to damages under FELA is concerned, Congress' enactment of the RLA has had no effect." Id. at 567, 107 S.Ct. at 1416. A FELA action may be filed in federal court or in state court. See 45 U.S.C. § 56. Once filed in state court, however, a FELA claim may not be removed to federal court. See 28 U.S.C. § 1445(a).
Defendant argues that this case became removable pursuant to 28 U.S.C. § 1441(c) upon Plaintiff filing his motion for protective order. The motion for protective order is no longer at issue. Consequently, only a FELA action remains. The Supreme Court has construed the statutory provision for concurrent state and federal jurisdiction and the statutory prohibition against removing FELA cases from state to federal court as evidence of Congress's intention to protect plaintiffs' rights to bring their FELA actions in state court. See Burnett v. New York Central R.R. Co., 380 U.S. 424, 434, 85 S.Ct. 1050, 1057-58, 13 L.Ed.2d 941 (1965). Thus, the Court finds that it lacks jurisdiction over this FELA action. See Williamson v. Missouri Pacific R.R. Co., et al., 4:96CV1113 ERW (E.D.Mo.1996); Downing v. Missouri Pacific R.R.Co., 4:96CV0284 LOD (E.D.Mo. 1996).
Accordingly, for the reasons set forth above,
IT IS HEREBY ORDERED that Plaintiff's Motion for a Protective Order is DENIED with prejudice. [Doc. 0]
IT IS FURTHER ORDERED that Plaintiff's Motion to Remand is GRANTED. [Doc. 10]
NOTES
[1] The parties have consented to the undersigned United States Magistrate Judge entering a final disposition in this case. See 28 U.S.C. § 636(c).