ENGLAND, Justice.
After sustaining on-the-job injuries while working for Burlington Northern and Santa Fe Railway Company, William E. Collins and Seawood Johnson filed Federal Employers’ Liability Act claims and applications for temporary restraining orders; Collins filed on October 29, 1998, and Johnson filed on November 5, 1998. Collins and Johnson sought TROs to enjoin Burlington Northern from holding an investigative hearing concerning their re *690 sponsibility for the personal injuries made the subject of their FELA claims. Collins and Seawood were members of unions that had entered into collective-bargaining agreements with Burlington Northern. On November 9, 1998, after the parties had agreed that the issues presented in the Johnson petition were the same as those presented in the Collins petition, the court held a hearing on the TRO applications. At the hearing, the court orally indicated that it would issue the preliminary injunctions and allowed the parties to supplement the record. On November 30, 1998, the trial court issued written preliminary injunctions for both Collins and Johnson. Burlington Northern appealed in both cases.
Burlington Northern argues (1) that the trial court had no jurisdiction to enjoin it from exercising its contractual rights and obligations under its collective-bargaining agreements with these plaintiffs; and (2) that the trial court erroneously held that these plaintiffs met the evidentiary requirements for a preliminary injunction. After considering the record and the briefs of the parties, we reverse and remand.
Burlington Northern argues that the plaintiffs’ claims for preliminary injunctions were preempted by the Railway Labor Act. “The RLA ... sets up a mandatory arbitral mechanism to handle disputes ‘growing out of grievances or out of the interpretation or application of agreements concerning rates of pay, rules, or working conditions,’ 45 U.S.C. § 153 First (i).” Hawaiian Airlines, Inc. v. Norris, 512 U.S. 246, 248, 114 S.Ct. 2239, 129 L.Ed.2d 203 (1994). The RLA applies to two kinds of controversies: “major disputes,” which “relate to ‘ “the formation of [collective-bargaining] agreements or efforts to secure them” ’ and “minor disputes,” which involve “the interpretation or application of [collective-bargaining] agreements covering rates of pay, rules, or working conditions.” Id., 512 U.S. at 252-53, 114 S.Ct. 2239. See Consolidated Rail Corp. v. Railway Labor Executives’ Ass’n, 491 U.S. 299, 109 S.Ct. 2477, 105 L.Ed.2d 250 (1989). Burlington Northern argues that the circuit court lacked jurisdiction to entertain the preliminary-injunction requests because, it says, those requests constituted a “minor dispute” and were preempted by the RLA. The plaintiffs argue that this dispute is neither a “major dispute” nor a “minor dispute.” They argue that the investigation hearing deprives them of the opportunity to proceed with their FELA claims with the procedural protections afforded by the Alabama Rules of Civil Procedure because (1) the investigation hearing allows Burlington Northern to interrogate them outside the judicial process and to address issues that would be subject to discovery under the Alabama Rules of Civil Procedure; and (2) the investigation hearing deprives them of their right to counsel. We disagree. We conclude that the plaintiffs’ requests for a preliminary injunction constituted a “minor dispute” because they related to the application of the collective-bargaining agreements.
Burlington Northern sought in both cases to enforce those provisions in the collective-bargaining agreements that allowed it to conduct investigation hearings. The collective-bargaining agreement between Burlington Northern and the United Transportation Union, and the collective-bargaining agreement between Burlington Northern and the Brotherhood of Locomotive Engineers, both provide that employees cannot be disciplined without a hearing. In each collective-bargaining agreement, Burlington Northern and the union (one union acting on behalf of Collins and the other acting on *691 behalf of Johnson), have agreed not to allow an attorney to be present during the hearing. If either party had wanted it otherwise, that party could have bargained for the right to have an attorney present at the investigation hearing instead of expressly agreeing in the collective-bargaining agreement not to be represented by counsel. This case is similar to Boncouri v. Union Pacific Railroad Co., 981 F.Supp. 1271 (E.D.Mo.1997). In that case, an injured railroad employee sued the railroad, under the FELA, and moved for a protective order, asking the court to prohibit the railroad from investigating his accident. The federal district court held that the employee’s motion for a protective order was a “minor dispute,” which could be resolved only under the RLA and that it lacked jurisdiction over the employee’s FELA claim.[1] Having concluded that the requests for a preliminary injunction involved a “minor dispute,” we hold, as the Boncouri court held, that Collins and Johnson must pursue their claims for injunctive relief through the RLA. Thus, the trial court’s order granting the employees’ requests for a preliminary injunction is reversed.
REVERSED AND REMANDED.
HOOPER, C.J., and MADDOX, HOUSTON, SEE, LYONS, BROWN, and JOHNSTONE, JJ., concur.

. In Boncouri, the court held that it lacked jurisdiction not because the FELA claim was preempted, but because the action had been filed in a state court and could not be removed to the federal court.