200 F.Supp.2d 1099 (2001)
David CULP, Plaintiff,
v.
UNITED PACIFIC RAILROAD COMPANY, Defendant.
No. 401CV360 CDP.
United States District Court, E.D. Missouri, Eastern Division.
December 18, 2001.
Robert H. Wendt, Bartholomew J. Baumstark, Holloran and Wendt, L.L.C., St. Louis, MO, for plaintiff.
Dan H. Ball, David A. Stratmann, David A. Dick, Thompson Coburn, St. Louis, MO, for defendant.

MEMORANDUM AND ORDER
PERRY, District Judge.
Culp is a conductor for Union Pacific whose terms and conditions of employment are governed by a collective bargaining agreement. He originally brought this action *1100 against his employer in state court, seeking damages for work-related injuries under the Federal Employers' Liability Act (FELA) (Count I) and injunctive relief prohibiting Union Pacific from disciplining him or requiring him to submit medical documentation of his fitness for duty (Count II).
Union Pacific removed the action to this court on the basis of federal question jurisdiction. Specifically, Union Pacific claims that the Railway Labor Act (RLA) provides the exclusive remedy for the relief sought by Count II of the complaint. Union Pacific also seeks dismissal of Count II on the ground of complete preemption. Culp moves for remand, arguing that his complaint states only non-removable claims under FELA. Because Count II of the complaint is completely preempted by the RLA, I have subject matter jurisdiction over this action but must dismiss Count II of the complaint. I shall also exercise my discretion and remand the remaining FELA claim to state court.

Background Facts
In Count I of his complaint, Culp claims he sustained work-related repetitive stress injuries due to the negligence of Union Pacific. On February 21, 2001, Culp and 28 other employees (who are not plaintiffs in this action) filed personal injury report forms with Union Pacific claiming injuries to the hands, fingers, wrists, arms and shoulders.[1] Count II alleges that within hours after these reports were filed, Union Pacific required the employees to submit statements from their doctors stating that they were capable of performing their job duties before they were allowed to return to work. Count II claims that there was no evidence that these employees were unable to perform their job duties and that Union Pacific imposed this condition in retaliation for reporting their occupational injuries.
On February 27, 2001, Union Pacific began disciplinary investigations against Culp and the other employees for failing to timely report their injuries. The complaint alleges that the investigations are being conducted in bad faith to retaliate against the employees for filing accident reports and to prevent them from furnishing factual information concerning their injuries to their attorneys and "other employees" in violation of FELA. Count II seeks injunctive relief preventing Union Pacific from: conducting any disciplinary investigation into Culp or the other employees; removing any employee from service based solely on filing an injury report unless it has "substantial" and independent evidence that the employee cannot safely perform his duties; and harassing or intimidating any employee to prevent him from reporting work-related injuries.
The terms and conditions of employment for Culp and the other employees are governed by a collective bargaining agreement (CBA). Under the Union Pacific General Code of Operating Rules, employees are required to timely report work-related injuries. Failure to do so can subject an employee to discipline pursuant to the procedures outlined in the CBA. The CBA governs Union Pacific's rights and obligations in connection with the discipline of employees, including the investigatory and hearing process. To date, Culp and the other employees have not been formally *1101 investigated or disciplined for failing to timely submit accident reports.
Culp filed this action in Circuit Court of the City of St. Louis, Missouri on March 5, 2001 and obtained an ex parte temporary restraining order granting the injunctive relief sought in Count II of the petition. Culp then amended his petition on March 12, 2001, the same date on which Union Pacific removed the action to this court.

Discussion
Whether a defendant may remove a case based on federal question jurisdiction is determined by the "wellpleaded complaint" rule. Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 9, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983). This rule permits removal only when a cause of action involves a right created by federal law which is reflected on the face of plaintiff's complaint. Deford v. Soo Line R. Co., 867 F.2d 1080, 1084 (8th Cir.), cert. denied, 492 U.S. 927, 109 S.Ct. 3265, 106 L.Ed.2d 610 (1989). "[A] defense of federal law, including the defense of federal preemption, is traditionally not a basis for removal." Id.
The Supreme Court has crafted the "complete preemption doctrine" as an exception to this rule. Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63-64, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). When "Congress so completely pre-empt[s] a particular area," its preemption may convert a state law claim into a federal claim for purposes of the well-pleaded complaint rule. In such a case, the defense of federal preemption may provide a basis for removal. Id. at 63, 107 S.Ct. 1542.
The RLA was enacted to "promote stability and labor-management relations by providing a comprehensive framework for resolving labor disputes." Hawaiian Airlines, Inc. v. Norris, 512 U.S. 246, 252, 114 S.Ct. 2239, 129 L.Ed.2d 203 (1994) (internal citations omitted). Labor disputes about rates of pay, rules, or working conditions are deemed "major" disputes. See id. at 252-54, 114 S.Ct. 2239. Disputes arising from grievances or from the interpretation or application of agreements on rates of pay, rules, or working conditions are deemed "minor" disputes. See id. In other words, "minor disputes" are "those that are grounded in the collective-bargaining agreement." Id. at 256, 114 S.Ct. 2239.
There is a rebuttable presumption that disputes between a railroad and its union employees are minor and, therefore, arbitrable under the RLA. See Schiltz v. Burlington Northern R.R., 115 F.3d 1407, 1414 (8th Cir.1997). Thus, if there is a doubt about the appropriate classification of a dispute, the dispute is to be construed as minor. See id. (citing International Ass'n of Machinists and Aerospace Workers, Dist. Lodge No. 19 v. Soo Line R.R., 850 F.2d 368, 377 (8th Cir.1988) (en banc)).
A similar claim to that made by Culp was made by railroad employees who filed suit against their railroad-employer alleging that the railroad was conducting investigations for the purpose of deterring employees' FELA suits. The Seventh Circuit Court of Appeals construed the claim as one relating to the collective bargaining agreement and falling within the ambit of the RLA:
One cannot determine whether [the railroad] conducted the investigations for legitimate purposes under the collective bargaining agreements or if they abused the investigation procedures allowed by the collective bargaining agreements (e.g., by conducting impermissible investigations under the guise of policy) without focusing the case on the collective bargaining agreements themselves. As such, the proper vehicle for pursuing the claim is the [RLA]. *1102 Bielicke v. Terminal R.R. Ass'n, 30 F.3d 877, 878 (7th Cir.1994). See also Calvert v. Trans World Airlines, Inc., 959 F.2d 698, 700 (8th Cir.1992) (holding that plaintiff's tort claim against his employer-airline premised on allegations that employer was submitting him to medical testing for improper reasons arose out of the collective bargaining agreement and, therefore, the action was prohibited by the RLA).
Although Culp attempts to recast Count II as a FELA claim, it is clearly a "minor dispute." To determine whether Union Pacific properly requested medical verification of the employees' fitness for duty and legitimately instituted disciplinary proceedings, I would be required to interpret and apply the CBA. As such, this claim may only be resolved through the mechanisms of the RLA. See Boncouri v. Union Pacific R. Co., 981 F.Supp. 1271, 1272-73 (E.D.Mo.1997).
Although I have federal question jurisdiction over this action[2], I must dismiss Count II of Culp's complaint as completely preempted by the RLA. See Hawaiian Airlines, 512 U.S. at 253, 114 S.Ct. 2239 (minor disputes preempted by the RLA "must be resolved only through the RLA mechanisms, including the carrier's internal dispute-resolution processes and an adjustment board established by the employer and the unions."). Therefore, only Culp's FELA claim remains. As Union Pacific recognizes, I have discretion to remand this claim to state court. See 28 U.S.C. § 1441(c). Given the statutory prohibition against removing FELA cases from state to federal court, I will exercise my discretion and remand Culp's remaining claim to state court.
Accordingly,
IT IS HEREBY ORDERED that plaintiff's motion to remand [# 17] is denied.
IT IS FURTHER ORDERED that defendant's motion to dismiss Count II of the complaint [# 12-1] is granted, and Count II of the complaint is hereby dismissed. Defendant's motion for judgment on the pleadings on Count II of the complaint [# 12-2] is denied as moot.
IT IS FURTHER ORDERED that Count I of plaintiff's complaint is remanded to the Circuit Court of the City of St. Louis, Missouri.
NOTES
[1] The complaint alleges that Culp and the other employees were evaluated for their injuries in November, 2000 through January of 2001 by medical personnel retained by counsel. However, the incident reports complaining of these injuries were not filed until February of 2001. This delay between the alleged injuries (and/or diagnosis of these injuries) and the filing of the incident reports apparently forms the basis for the disciplinary proceedings instituted against Culp and the other employees.
[2] Culp argues that, even if Count II is preempted by the RLA, the action is nevertheless not removable under 28 U.S.C. § 1441(c) because the claim is related to his FELA claim. 28 U.S.C. § 1441(c) provides:

Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.
28 U.S.C. § 1441(c). Ordinarily a claim is not "separate and independent" if it arises from the same loss or actionable wrong. American Fire & Cas. Co. v. Finn, 341 U.S. 6, 14-16, 71 S.Ct. 534, 95 L.Ed. 702 (1951). Here, the facts which gave rise to the FELA claim and the facts which gave rise to the RLA claim are different. The FELA claim is based on work place conditions and the alleged negligence of Union Pacific, while the RLA claim is based on plaintiff's actions, the collective bargaining agreement and Union Pacific's work rules. See Lewis v. Louisville & Nashville R. Co., 758 F.2d 219, 221-222 (7th Cir.1985) (plaintiff's FELA claim was "separate and independent" from his claim that his employer retaliated against him for filing the FELA action). I therefore have jurisdiction over the entire action under 28 U.S.C. § 1441(c).