**Bertha DAVIDSON, Plaintiff,**

v.

**The LONG ISLAND RAIL ROAD COMPANY, et al., Defendants.**

**No. 85 Civ. 5543–CSH.**

United States District Court, S.D. New York.

Sept. 13, 1985.

Peter M.J. Reilly, Islip, N.Y., for plaintiff.

Thomas M. Taranto, Jamaica, N.Y. (Edward G. Lukoski, Jamaica, N.Y., of counsel), for defendants.

## MEMORANDUM OPINION AND ORDER

HAIGHT, District Judge:

I conclude that this Court lacks subject matter jurisdiction over this action. Accordingly, in response to defendant's mo-tion, the complaint will be dismissed, without prejudice and without costs.

Plaintiff successfully prosecuted a claim against defendant pursuant to the Federal Employers' Liability Act, 45 U.S.C. § 51 *et seq.* ("FELA"). The case was tried before Judge Brieant and a jury, 84 Civ. 9028 (CLB). The jury awarded plaintiff $50,000. The Clerk entered judgment. Neither party appealed. I am advised by counsel for defendant that the judgment will soon be paid. That FELA litigation is over.

Plaintiff now invokes the FELA in this new action as a jurisdictional vehicle for challenging her administrative termination by defendant after the trial. Defendant purportedly based that action on its "review of reports from your doctor and his testimony during your recent trial in a Federal Court that you cannot return to work in Train Service due to permanent disability." Defendant's letter to plaintiff of June 24, 1985, Ex. A to complaint.

Plaintiff alleges that she is in fact able to work; that her termination was in retaliation for her pursuit of an FELA remedy; that it forms a part of defendant's ongoing scheme to frighten all its employees from bringing FELA actions; and that the scheme is a "device" violative of section 5 of the FELA, 45 U.S.C. § 55.[1] Because of her present straitened circumstances, plaintiff asks for a preliminary injunction of reinstatement.

I accept the representations of plaintiff's counsel concerning the difficult situation in which she and her children presently find themselves. Doing so, it is impossible not to be sympathetic. But federal courts are courts of limited jurisdiction. It is for Congress, and the executive branch acting pursuant to delegated congressional authority, to enact the laws and regulations that create and govern citizens' rights and reme-

---

1. The statute provides:

    "Any contract, rule, regulation, or device whatsoever, the purpose or intent of which shall be to enable any common carrier to exempt itself from any liability created by this chapter, shall to that extent be void: *Provided,* That in any action brought against any such common carrier under or by virtue of any of the provisions of this chapter, such common carrier may set off therein any sum it has contributed or paid to any insurance, relief benefit, or indemnity that may have been paid to the injured employee or the person entitled thereto on account of the injury or death for which said action was brought."

dies: subject, of course, to the limitations of the Constitution. Courts cannot fashion remedies contrary to valid congressional enactments.

◼ In the case at bar, plaintiff alleges a wrongful discharge. The sole source of plaintiff's right not to be discharged and of defendant's obligation to restore her to employment following injury is the collective bargaining agreement between defendant and plaintiff's union. Absent that agreement, plaintiff would be terminable at defendant's will. In those circumstances, plaintiff must follow the grievance and arbitration procedures set forth in the Railway Labor Act, 45 U.S.C. § 153. That remedy is exclusive, and precludes this Court's jurisdiction. *Andrews v. Louisville & Nashville Railroad Co.*, 406 U.S. 320, 92 S.Ct. 1562, 32 L.Ed.2d 95 (1972).

◼ Plaintiff's invocation of section 5 of the FELA is unavailing. That follows under the *Andrews* rationale; and also because the FELA does not proscribe every "device" employed by a railroad which might arguably be characterized as unfair. The statute proscribes only those devices whose intent is "to enable any common carrier to exempt itself from any liability *created by this chapter....*" (emphasis added). The provision is inapplicable to the case at bar because nowhere in the FELA is there a "liability" created to continue an individual in the carrier's employment.

These conclusions are supported by authorities in other circuits with whose analyses I agree. *Jackson v. Consolidated Rail Corp.*, 717 F.2d 1045 (7th Cir.1983), *cert. denied,* — U.S. ——, 104 S.Ct. 1000, 79 L.Ed.2d 233 (1984); *Greenwood v. The Atchison, Topeka and Santa Fe Railway Co.*, 129 F.Supp. 105 (S.D.Cal.1955). I am cited to no contrary Second Circuit authority; and in any event, regard *Andrews, supra,* as controlling.

I am not persuaded by plaintiff's counsel that the cited cases are distinguishable on their facts. However, the case upon which plaintiff places primary reliance, *Kozar v. Chesapeake and Ohio Railway Co.*, 320 F.Supp. 335 (W.D.Mich.1970), *modified on other grounds*, 449 F.2d 1238 (6th Cir. 1971), is clearly inapposite. In *Kozar* the district judge properly condemned defendant railroad for overreaching and browbeating the widow of a railroad employee killed in an industrial accident, for the express purpose of dissuading her from filing an action under the FELA. The language which plaintiff quotes from *Kozar* in her brief at pp. 5–7 is immediately preceded by these comments of the district judge, who had first set forth the transcript of a hearing into the railroad's behavior after the death:

> "John Kozar was, according to the testimony, one of the Chesapeake and Ohio's most valuable employees. He was killed while serving, to the extent of his ability, the best interests of the railroad. The above indicates a strong probability that, from the moment of his death, his employer adopted some rather primitive means in an attempt to defeat the just claims of his widow under a statute specifically designed for his own and his family's protection." 320 F.Supp. at 382–83.

In the case at bar, no such pre-FELA litigation conduct on the part of defendant is suggested.

It is perfectly possible, as plaintiff's counsel suggests, to hypothesize a railroad adopting a policy of post-FELA employment termination where claims of permanent injury have been made, for the purpose of chilling future claims by other employees. One may just as easily hypothesize a chilling effect upon the assertion by railroad employees of trumped-up claims of permanent injury. The policy considerations and social effects are not that cut and dried. But these are matters for the legislature, not the judiciary. The present statutory scheme affords to plaintiff a forum in which to attack the circumstances of her discharge by defendant. Presumably her union will take a serious view of employer intimidation, if that is what is occurring; and if a course of coercive conduct by defendant is demonstrated, defendant, one hopes, will eventually answer for it. This

long-term view may not comfort the present plaintiff, but under present law, the grievance procedure is exclusive. This Court lacks subject matter jurisdiction.

The Clerk of the Court is directed to dismiss the complaint without prejudice and without costs. The dismissal will be "without prejudice" because, this Court lacking subject matter jurisdiction, no view is intimated as to the merits of the claim.

It is SO ORDERED.