Roger G. HERRERA, Plaintiff–Appellant,

v.

SAN LUIS CENTRAL RAILROAD COMPANY, a corporation, Defendant–Appellee.

No. 98CA1521.

Colorado Court of Appeals, Div. I.

Sept. 30, 1999.

Rehearing Denied Oct. 28, 1999.

Certiorari Denied May 15, 2000.

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S.1999

Rossi, Cox, Kiker & Inderwish, P.C., James L. Cox, Jr., Janet S. Drake, Aurora, Colorado, for Plaintiff-Appellant.

The Beckman Law Office, P.C., John D. Beckman, Golden, Colorado, for Defendant-Appellee.

Opinion by Judge DAVIDSON.

In this action for retaliatory discharge, plaintiff, Roger G. Herrerra, appeals from the dismissal of his complaint against defendant, San Luis Central Railroad Company (San Luis). We reverse and remand.

Plaintiff was employed by San Luis at the time he suffered an on-the-job injury. He filed a claim under 45 U.S.C. § 51, et seq. (1994), the Federal Employers' Liability Act (FELA), in the United States District Court. Fifteen days after a jury verdict was returned in plaintiff's favor, San Luis terminated his employment.

Plaintiff filed a wrongful discharge claim in the United States District Court claiming that San Luis had terminated him for asserting his right to seek benefits. The complaint was dismissed for lack of subject matter jurisdiction. Plaintiff then filed his complaint in district court asserting, *inter alia,* retaliatory discharge. The trial court dismissed the complaint, determining that, because no federal or state statute granted an express right to a private cause of action or established a public policy exception to Colorado's at-will policy of employment, plaintiff had failed to provide a basis for a claim of retaliatory discharge.

The sole issue on appeal is whether a federal statute, here, FELA, may serve as the basis for the public policy exception in a wrongful termination action. We conclude that, under the circumstances presented, plaintiff has stated a claim for retaliatory discharge based on the public policy exception to at-will employment.

In ruling on a motion to dismiss, the trial court must accept as true the facts alleged in the complaint and determine whether, under any theory of law, the plaintiff is entitled to relief. *Rosenthal v. Dean Witter Reynolds, Inc.,* 908 P.2d 1095 (Colo. 1995).

As a general rule, an employee who is hired in Colorado for an indefinite period of time is considered an at-will employee. Such employment may be terminated by either party without cause and without notice. Such termination ordinarily does not give rise to a cause of action. *Continental Air Lines, Inc. v. Keenan,* 731 P.2d 708 (Colo. 1987).

Exceptions to the policy of at-will employment may be created by statute or case law. Among the judicially crafted exceptions is that based on the public interest in prohibiting an employer from placing an employee in the position of remaining employed only by performing an illegal act, forsaking a public duty, or forgoing a job-related right or privilege. *See Crawford Rehabilitation Services, Inc. v. Weissman,* 938 P.2d 540 (Colo.1997); *Martin Marietta Corp. v. Lorenz,* 823 P.2d 100 (Colo.1992) (employee should not have to choose between violating the law or losing his or her job).

■ As pertinent here, a plaintiff seeking to assert a claim based on retaliatory discharge for exercising a job-related right must show that: 1) the plaintiff was employed by the defendant; 2) the defendant discharged the plaintiff; and 3) the plaintiff was discharged for exercising a job-related right or privilege to which he or she was entitled. *See* CJI-Civ. 4th 31:10 (1998); *see also Lathrop v. Entenmann's, Inc.,* 770 P.2d 1367 (Colo.App.1989).

■ Plaintiff argues that, because he is entitled to seek compensation for his work-related injury, and because he was required to proceed on his claim under FELA, rather than workers' compensation, this right, recognized as a public policy exception under *Lathrop v. Entenmann's, Inc., supra,* provides the basis for his claim of retaliatory discharge. We agree.

In *Lathrop v. Entenmann's, Inc., supra,* the plaintiff was fired after he made a claim for workers' compensation benefits. A division of this court determined that an employer has a statutorily mandated duty under § 8–40–101, et seq., C.R.S.1999, to provide compensation to workers injured in the course of their employment and that employees have a commensurate right to such compensation. Thus, the court found an important public interest in an employee's right to seek compensation for a work-related injury without having to fear reprisal for doing so.

■ Accordingly, plaintiff's right to seek compensation for his work-related injury is a recognized public policy exception to the at-will employment doctrine.

Nevertheless, defendant argues that the federal district court and the trial court were correct in their determinations that, because no federal private cause of action exists under FELA, it cannot serve as the basis for a public policy exception to at-will employment. We disagree.

In *Martin Marietta Corp. v. Lorenz, supra,* the plaintiff asserted a state law retaliatory discharge claim based on his termination for his refusal to perform an illegal act under 18 U.S.C. § 1001 (1994). The court determined that the principle that employees should not be forced to choose between los-

ing their jobs or engaging in criminal conduct at the employer's direction, even if the criminal conduct is defined by a federal statute, was an important public interest.

Likewise, the mere fact that plaintiff's entitlement to compensation arises from a federal statute rather than a state statute should not, of itself, affect the importance of the public policy allowing injured employees the right to seek compensation or preclude plaintiff from asserting his claim of retaliatory discharge if FELA can be shown to establish a duty on the part of San Luis to pay compensation and a commensurate right to plaintiff to seek such payment.

Here, 45 U.S.C. § 51 (1994) provides that:

Every common carrier by railroad while engaging in commerce between any of the several states ... shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce ... for such injury ... resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment.

■ The mandatory language of the statute sets forth an employer's liability for damages resulting from injuries incurred by employees in the course of employment and creates a duty in the employer to pay for damages whenever the negligence of the employer plays any part in causing such injuries. *See Rogers v. Missouri Pacific R.R. Co.,* 352 U.S. 500, 77 S.Ct. 443, 1 L.Ed.2d 493 (1957).

The cases upon which defendant relies in claiming that FELA does not establish a public policy exception do not lead us to conclude otherwise.

In each of these cases, the plaintiff claimed that he or she was terminated in retaliation for seeking compensation for work-related injuries under FELA, and, in each, the plaintiff was precluded from bringing a state wrongful discharge claim.

However, in those cases, the plaintiffs were unable to assert their claims because their remedy for wrongful discharge existed under collective bargaining agreements that had been negotiated by their unions and were governed by the Railway Labor Act, 45 U.S.C. § 151 (1990) (RLA). Because the RLA afforded these plaintiffs a procedure for review of their grievances, the RLA, as their exclusive remedy, preempted a state claim of retaliatory discharge. *See Graf v. Elgin, Joliet & Eastern Ry. Co.*, 790 F.2d 1341 (7th Cir.1986) (claim preempted by RLA); *Jackson v. Consolidated Rail Corp.*, 717 F.2d 1045 (7th Cir.1983) (because plaintiff's right not to be discharged at will arose from collective bargaining agreement, plaintiff's exclusive remedy was through administrative grievance procedures); *Bay v. Western Pacific R.R. Co.*, 595 F.2d 514 (9th Cir.1979) (FELA does not create private cause of action to sue employer); *Davidson v. Long Island R.R. Co.*, 617 F.Supp. 67 (S.D.N.Y. 1985) (plaintiff, as member of union, was protected by collective bargaining agreement and was, therefore, required to follow procedures under RLA); *cf. Gamble v. Levitz Furniture Co.*, 759 P.2d 761 (Colo.App.1988) (since statutory remedy is available for handicap discrimination, claim based on public policy exemption is not available); *Makovi v. Sherwin–Williams Co.*, 316 Md. 603, 561 A.2d 179 (1989) (if statutory remedy exists to protect the public interest, then there is no separate wrongful discharge claim).

In contrast, here, because he is not a part of any collective bargaining unit, plaintiff's working conditions are not governed by a collective bargaining agreement, and, as a result, the RLA can provide no remedy for the claim asserted by him. Hence, to deny him a remedy in the state courts would be to deny him any remedy at all. *See Sabich v. National R.R. Passenger Corp.*, 763 F.Supp. 989 (N.D.Ill.1991) (RLA does not preempt retaliatory discharge claim which is independent of collective bargaining agreement).

Further, although FELA does not create a private cause of action to sue an employer under the statute, plaintiff was not bringing suit pursuant to FELA. Rather, plaintiff asserted a state common law claim of retaliatory termination, relying on the public policy exception to at-will employment concerning his right to pursue a remedy under FELA without reprisal from his employer.

Here, plaintiff, in his complaint, stated that he had been awarded FELA benefits and that he had been terminated for asserting his right to seek such benefits in violation of the public policy that workers have an important public interest in not having to shoulder the financial burden for a work-related injury. Thus, the complaint sets forth a claim for retaliatory discharge based upon a public policy exception to the general doctrine of at-will employment, and the trial court erred in dismissing it.

The judgment is reversed and the cause is remanded for further proceedings consistent with the views expressed herein.

Judge METZGER and Judge CRISWELL, concur.